## BRYANT V. WILLIAMS.

1. **Judgment: UNAUTHORIZED APPEARANCE.** A defendant who has been represented by an unauthorized attorney has the right to be relieved against the judgment by a direct action in equity to set it aside; but such action must be brought promptly after a knowledge of its rendition has come home to the defendant.

2. —— **LIEN RETAINED.** When anything is due upon the demand upon which a judgment was obtained by an unauthorized appearance, the better practice is to make a tender of the amount before bringing an action to set aside the judgment; and when this is not done, and there has been delay in bringing such action, the court will retain and continue the lien of the original judgment for the payment of such judgment as may be ultimately rendered in the case.

*Appeal from Pottawattamie District Court.*

FRIDAY, OCTOBER 19.

ON the first day of February, 1856, Louden Mullen loaned to C. M. Steinberger five hundred dollars, and took therefor the joint note of said Steinberger, C. E. Stone, and A. S. Bryant (the last two being in fact only sureties) for six hundred dollars (being forty per cent interest), payable six months after date. The sum of four hundred and fifty dollars was afterward paid on said note. At the August Term, 1859, suit was brought on said note, and judgment rendered thereon, for one hundred and sixty-nine dollars and eighty cents, debt against all the makers of the note. There was no notice issued or served on the defendant, A. S. Bryant, who is the

plaintiff in this suit; but the defendant, C. E. Stone, who was a practicing attorney of that court, filed an answer—a general denial—for "the defendant." Stone had no authority to appear for Bryant, and in his deposition taken in this case, shows that he did not intend to appear for Bryant, and that the answer was drawn by his clerk, who, by mistake, made it for "the defendants," instead of "the defendant." Bryant had no knowledge, directly or indirectly, of the pendency of the action on the note, or of the judgment until about one year after it was rendered.

In May, 1860, and before Bryant had knowledge of its existence, the judgment plaintiff, Mullen, sold and assigned the judgment to Martin & Brother. In August following, Martin & Brother caused execution to issue on the judgment and certain real estate belonging to Bryant to be sold to satisfy the same, and they became the purchasers, and took a certificate thereof entitling them to a deed, if not redeemed in one year. Shortly after the sale, Bryant filed his motion to set the same aside; but the trial of the motion being continued to a term of court beyond the time for redemption, the plaintiff brought this action to enjoin the making of the deed, and to set aside the sale and judgment. Pending this action, the motion to set aside the sale was overruled, and on the trial of this cause, the temporary injunction granted on the filing of the petition was dissolved, and the plaintiff's petition was dismissed absolutely. The plaintiff appeals.

*S. Clinton* and *C. Baldwin* for the appellant.

*R. L. Douglas* and *Polk & Hubbell* for the appellee.

COLE, J.—There is no controversy as to the fact that the plaintiff in this action, A. S. Bryant, who was named

Bryant v. Williams.

1. JUDGMENT: unauthorized appearance. as defendant in the suit on the note, was not served with notice of the pendency of that suit, and had no notice in fact of it; and that the attorney who filed the answer had no authority to appear or answer for Bryant. Under such facts, the rule is now well settled in this State that a defendant who has been represented by an unauthorized attorney has the right to be relieved against the judgment by a direct action in equity to set it aside. *Harshey* v. *Blackmarr*, 20 Iowa, 161. See also, article on Attorney and Client, Am. Law Reg., N. S., vol. 5, p. 385, and authorities there cited. But the action to set aside the judgment must be brought promptly after a knowledge of its rendition has come home to the defendant. If there should be an unreasonable delay in bringing the action, and third persons should, in the meantime, acquire interest in the judgment, the delay might operate as an estoppel in favor of such third persons.

It would also be the better practice, in cases where the party against whom a judgment has been thus rendered 2. —— lien retained. concedes a just indebtedness to any amount, upon the cause of action, to tender such amount before bringing his suit to set aside the judgment. But we are not prepared to hold that such tender is necessary in all cases to enable a party to maintain his action to set aside such unjust and unauthorized judgment. But whenever it appears that some amount is due on the cause of action upon which the unauthorized judgment was rendered, and, as in this case, there has been some delay in bringing the suit to set it aside, the court will retain and continue the lien of the original judgment for the payment of such judgment as may ultimately be rendered in the case. And when the pleadings are properly framed, and the nature of the cause of action will justify it, the court of equity, setting aside the unauthor-

ized judgment, will render such new judgment as shall be just and proper under the proofs in the case.

The judgment of the District Court is reversed, and the judgment ·rendered in the case of Louden Muller: against C. M. Steinberger, C. E. Stone and A. S. Bryant, so far as the said Bryant is concerned, will be set aside, but the lien thereof will be retained, so that the judgment ultimately rendered in said cause will become a lien from the date of the original judgment and bind the property of the defendant Bryant accordingly.

Reversed.