MACOMBER v. PECK ET AL

1. **Fraud**: CONVEYANCE WITH A RESERVATION. Where land is conveyed
   with a secret reservation that the vendor shall use and enjoy it for a
   time without payment of rent, such possession constituting a part of
   the consideration, the conveyance is fraudulent in law, although based
   upon a valuable consideration.

2. **Judgment**: VOID WITHOUT NOTICE TO A PARTY: APPEARANCE. The
   failure to serve a party in interest with notice renders void a judgment
   which deprives him of substantial rights. In the absence of notice,
   jurisdiction is not conferred by an unauthorized appearance entered
   by attorneys.

3. ———: ———: ESTOPPEL. To avail himself of the invalidity of such a
   judgment, the party prejudiced must move within a reasonable time.
   Otherwise his laches will estop him as against innocent third parties,
   whose rights have meanwhile accrued.

*Appeal from Cass District Court.*

FRIDAY, SEPTEMBER 25.

ON the 26th day of March, 1859, Alfred A. Sawyer being
the owner of and in possession of 440 acres of land in Cass
county, to-wit: SE ¼, NE ¼ and W ½, NE ¼ and E ½, NW ¼
and E ½, SW ¼ and W ½, SE ¼ and NE ¼, SE ¼, section 25,
township 76, range 37; and SE ¼, NW ¼, section 30, town-

ship 76, range. 36, mortgaged 200 acres thereof to his brother, Horace Sawyer, to secure the sum of $222. On the 29th of March, 1859, Alfred A. Sawyer mortgaged to his brother Horace the same 200 acres of said land to secure the sum of $350.

On the 26th of March, 1859, Alfred A. Sawyer executed a mortgage to his brother Francis Sawyer, intending to convey the remaining 240 acres of said land, but, by mistake, this mortgage included the W ½ of NW ¼ of section 25, which Alfred A. did not own, instead of the E ½ of said quarter section, which he intended to convey. All of these mortgages were filed and recorded April 9, 1859.

On the 2d day of February, 1860, Alfred A. Sawyer undertook to convey all the first above described lands to Horace Sawyer, but by mistake they were described as the W ½ and SW ¼, SE ¼, section 25, and SE ¼, NW ¼, section 30. This deed was filed and recorded March 15, 1860.

On the 3d day of November, 1860, the defendant, Henry K. Peck, commenced an action for debt in the Cass District Court against the said Alfred A. Sawyer, and on the same day attached all the first above described land as the property of Alfred A. Sawyer, he being at that time in the possession of the same. In July, 1861, judgment was rendered in favor of Peck for $1254.76, and for the sale of the attached property on special execution.

In August, 1865, Horace Sawyer commenced in the Cass District Court an action against Alfred A. Sawyer and wife, Francis Sawyer, John Keyes and defendant, Henry K. Peck, asking, amongst other things, the correction of the deed of Alfred A. Sawyer to Horace; permission to redeem the mortgage of Francis, and to be substituted to the rights of Francis under said mortgage against all the defendants; a decree of court declaring the attachment and judgment lien of defendant Peck void. At the April term, 1867, of said court, a decree was rendered in said cause, amongst other things, granting the following relief:

1. Correcting the mistake in the conveyance of Alfred A. to Horace Sawyer, and making the same include the lands

first set out in this statement, and confirming the title thereto in the plaintiff, Horace Sawyer.

2. Declaring the mortgage debt of Francis Sawyer, amounting to $1456.95, to be a lien upon the portion of land described in the mortgage.

3. Declaring that the attachment and judgment of Henry K. Peck created no lien upon the lands herein first described, they having been mortgaged and conveyed prior to the issue and levy of the attachment on which the judgment is founded.

In November, 1869, the plaintiff, Henry K. Macomber, purchased the land in controversy through his agent, K. W. Macomber, from Horace and Francis Sawyer. On the 2d day of July, 1870, the defendant, Peck, caused to be issued a special execution upon his judgment rendered against Alfred A. Sawyer in July, 1861, there being due thereon at that time $993.26, interest and costs. On the 9th day of August, 1870, Henry K. Macomber, plaintiff herein, commenced an action in equity against Henry K. Peck and J. K. Powers, clerk issuing said execution, and James S. Barnett, sheriff executing the same, alleging that he is the owner of all the lands described; that Alfred A. Sawyer, execution defendant, at the date of the attachment did not own the lands described; and that at the April term, 1867, of the Cass District Court, a decree was rendered quieting the title of Horace Sawyer against the attachment and judgment lien of said Peck. The petition prayed a temporary injunction, and that upon final hearing it be made perpetual. A temporary injunction was granted, as prayed.

The defendant, Peck, alleged that the decree of April, 1867, was rendered without jurisdiction as to him; that the conveyance of Alfred A. to Horace Sawyer was fraudulent, and that plaintiff is not a *bona fide* purchaser. Defendant prays that he may be premitted to redeem from the mortgage to Horace and Francis Sawyer, and that the lien of his attachment and judgment be protected and enforced, and the injunction dissolved.

Upon the final hearing, the court found that plaintiff was

the owner of the land when the special execution issued against the same, and decreed the injunction perpetual.   Defendants appeal.

*L. W. Ross* and *Temple & Phelps*, for appellants.

*Semple & Semple*, for appellee.

DAY, J.—I.   The evidence shows that the land in question, at the time of the conveyance from Alfred A. Sawyer to Horace Sawyer, was worth $6.00 per acre, amounting for the whole tract to $2,640.00, and that Alfred then owed the debt upon which Peck afterward recovered judgment.   The consideration expressed in the deed is $500.00, but the proof shows that the real consideration was $570.00, and that the conveyance was subject to the mortgage to Francis Sawyer for $883.00.   The proof shows also that as part of the consideration for the conveyance it was agreed between Horace and Alfred, that Alfred should have the use of the farm, without rent, for three or four years.   Under this arrangement Alfred A. lived upon the premises about a year and a half after the sale.   He told his creditors that the conveyance to his brother was in fact merely a mortgage to secure an indebt-

1. FRAUD: conveyance with a reservation.

edness. This secret reservation between the vendor and vendee rendered the conveyance fraudulent in law, irrespective of the intention with which it was executed.   The possession of the property for the time named constituted a part, and a very considerable part, of the consideration for the conveyance, for the debts satisfied by the conveyance amounted to considerably less than two-thirds the actual value of the land.

If such a conveyance should be upheld, deeds might be made for grossly inadequate real consideration, the possession to be retained for a long period by the grantor, and the principal value of the property be placed beyond the reach of creditors.   The case of *Lukins v. Aird*, 6 Wallace, 78, is directly in point.   In that case Aird, being indebted, conveyed certain town lots at Fort Smith, Arkansas, which he owned, and which had cost him $1,900.00, to one Spring.   Spring paid

Macomber v. Peck.

$1,200.00 in money, and agreed that Aird should have the use of ten of the lots one year free of rent, with the privilege, so long as Spring did not desire to sell or make use of them, of renting them at $100.00 a year, the money paid being made less on account of the right to use the lots rent free a year. A creditor of Aird filed a bill against Aird and Spring to set the conveyance aside, alleging that it was fraudulent in fact and in law. The court below, finding that the proofs established no fraud in fact, dismissed the bill.

The Supreme Court of the United States, reversing the judgment of the court below, said: "The law will not permit a debtor, in failing circumstances, to sell his land, convey it by deed, without reservations, and yet secretly reserve to himself the right to possess and occupy it for a limited time for his own benefit. Such a transfer may be upon a valuable consideration, but it lacks the element of good faith, for while it professes to be an absolute conveyance on its face, there is a concealed agreement between the parties to it, inconsistent with its terms, securing a benefit to the grantor, at the expense of those he owes. A trust, thus secretly created, whether so intended or not, is a fraud on creditors, because it places beyond their reach a valuable right, the right of possession, and gives to the debtor the beneficial enjoyment of what rightfully belongs to his creditors." The opinion cites the following authorities: *Wooten v. Clark*, 23 Mississippi, (1 Cushman,) 75; *Arthur v. Com. & Railroad Bank*, 9 Smedes & Marshall, 394; *Towle v. Hoit*, 14 New Hampshire, 61: *Paul v. Croker*, 8 Id., 288; *Smith v. Lowell*, 6 Id., 67.

II. The conveyance from Alfred to Horace Sawyer being fraudulent in law, the land was subject to the attachment levied thereon at the suit of the defendant, Peck. It becomes necessary, therefore, to determine the effect of the decree rendered at the April term, 1867, of the Cass District Court, correcting the mistake in the conveyance from Alfred A. to Horace Sawyer, and declaring that the attachment and judgment of Henry K. Peck created no lien upon the lands in controversy. It is conceded that no notice of the commencement of the action, in which that

2. JUDGMENT: void without notice to a party: appearance.

decree was rendered, was ever served upon Peck, and it is abundantly proved that the attorneys who appeared in the case, had no authority to appear for him. The decree as to him was therefore without jurisdiction and void. *Harshey v. Blickmar*, 20 Iowa, 161, and cases cited; *Bryant v. Williams*, 21 Iowa, 329.

III. The decree in question was rendered in April, 1867. The plaintiff purchased the lands in November, 1869. It

3. ——: —: does not appear affirmatively that he knew any-
estoppel. thing of the circumstances attending the conveyance between Alfred and Horace Sawyer. At the time of his purchase there was upon the records of the District Court of Cass county a decree, in all respects regular upon its face, quieting the title in this land in Horace Sawyer, and declaring that the Peck judgment was no lien thereon. He took counsel of attorneys, and was advised that the decree was probably binding. This decree might have afforded no protection to plaintiff if Peck had promptly taken measures to set it aside, when he learned of its rendition. But we are satisfied from the evidence that Peck was advised of the decree, and of the circumstances under which it was rendered, a short time after its rendition. He was a party to the suit in which the decree was entered, in another capacity, and as the representative of another interest, viz: as a member of the firm of Keyes & Peck. This firm was duly served with notice, and made defense. He was in frequent correspondence with Keyes, who was his uncle. Peck will not undertake to say when he learned that the decree against him was entered, and that attorneys appeared for him. He merely states that he did not know of their appearance until after the decree. From the whole evidence it is fair to assume that Peck was not long ignorant that the decree was entered against him. Yet he leaves the title of record to the land in Horace Sawyer, and that title confirmed by the decree of a competent court, and he makes no move until July, 1870, when execution is ordered out. In the meantime, more than two years after the rendition of the decree, without any knowledge of the defect in the decree, and with the opinion of counsel that it is binding,

plaintiff purchases. Under such circumstances he had a right to suppose that the rights of the parties were finally settled by the decree. The defendant, by his laches, has lost his right to insist upon an invalidity which otherwise might have availed him, and the plaintiff must be protected in his purchase. *Bryant v. Williams*, 21 Iowa, 329. The fact that he has paid only part of the purchase price, does not render him liable in a manner different from the liability which he assumed to his grantor, nor make the property liable to an execution upon the judgment.

If part of the purchase money is unpaid, he may, upon being indemnified against any liability to an indorsee of the notes, be in equity required to pay the consideration to the defendant, to the extent of satisfying defendant's judgment, and the amount may be made an equitable lien upon the land in controversy.

The defendant prepared an abstract which was reasonably full, at least the omissions might have been corrected with small labor and expense. The plaintiff prepared an abstract of one hundred and six pages, printing all the evidence with question and answer, exhibits in full with certificates and acknowledgements. An unnecessary expense has thus been incurred, and the labor has been imposed upon the court of reading many pages of matter which might have been omitted without detriment to the case. Under the circumstances no costs can be taxed for the appellee's abstract.

The decree of the court restraining the enforcement of the execution must be affirmed, but without prejudice to the right of defendant to proceed in any way he may be advised to subject the unpaid purchase money in the hands of plaintiff to the satisfaction of his judgment.

AFFIRMED.