GRAHAM v. ROONEY ET AL.

1. Conveyance: CONSIDERATION: FUTURE SUPPORT. A father agreed with two sons that if they would remain on his farm and assist in carrying it on and in educating their brothers, he would convey the farm to them, and in consideration for their services and their agreement to support him and their mother the remainder of their lives, he subsequently executed the conveyance: *Held*, that such a conveyance was fraudulent and would be set aside at the instance of creditors.

2. Practice: TRANSFER OF CAUSE: TRIAL. A party is presumed to have waived his right to have an action involving an equitable issue determined in equity who fails to move for a transfer of the cause to the chancery docket; and *a fortiori* he cannot complain, if the cause is tried below by the court without a jury and considered *de novo* by the appellate court.

*Appeal from Dubuque Circuit Court.*

FRIDAY, MARCH 24.

ON the 29th day of September, 1869, John Cussick and Owen Rooney entered into a written contract by which Cussick agreed to sell to Rooney a tract of land, the contract being conditioned, in the event of the failure by Rooney to

comply with it, that he was to pay a penalty of five hundred dollars.

Rooney failed to comply with the contract, and on the 14th day of April, 1870, Cussick commenced an action, by the service of the original notice, for the recovery of the penalty. The petition was filed June 16, 1870, and judgment was obtained November 9, 1871. Execution issued January 13, 1872, upon which the defendants were garnished.

They answered that they were in no manner indebted to the judgment defendant, except that they owe him and his wife a support. The plaintiff took issue upon the answer of the garnishee, and it was tried by the court. The court found that the garnishees were indebted to the judgment defendant, and rendered judgment against them for $657.95, in favor of plaintiff, to whom the original judgment had been assigned during the pendency of the action. The defendants appeal.

*W. J. Knight* and *Fred. O'Donnell*, for appellants.

A garnishee will not be held on his answer unless he clearly admits his indebtedness, and if there is any reasonable doubt of it, judgment will not be rendered against him. (*Morse v. Marshall*, 22 Iowa, 290; *Church v. Simpson*, 25 Id., 408.) A voluntary conveyance to a child is good as against existing creditors, provided the grantor retains enough to pay the latter. (*Stewart v. Rogers*, 25 Iowa, 395; *Lyman v. Cessford*, 15 Id., 229; *Hook v. Mowre*, 17 Id., 195.) A conveyance of real estate by the father to the son in consideration of services previously rendered, for which it was at the time agreed the son should receive a specified number of acres, is not fraudulent as against creditors. (*Hunt v. Hoover*, 34 Iowa, 77.) A trustee will not be charged by trustee process for rents and profits of land, though it may have been fraudulently conveyed, until the conveyance is avoided. (*Heywood v. Brooks*, 47 N. H., 231.)

*Graham & Cady*, for appellee.

Services rendered by children to their parents while living with them as members of the same family do not constitute

a valuable consideration for a conveyance of real estate. (Bump. on Fraudulent Conveyancs, 257; *Hack v. Stewart*, 8 Pa. St., 231; *Sanders v. Wagonseller*, 19 Penn., 248; *Scully v. Scully*, 28 Iowa, 489.) A conveyance upon consideration of future support of the grantor is void as against existing creditors. (Bump. on Fraud. Con., 246.) Where a deed is assailed by creditors of the grantor, no evidence is admissible which contradicts the deed .or changes its character. (*Betts v. Union Bank*, 1 Harris & Gill, 175.) The statement of a particular consideration imports the whole consideration and negatives any other. (*McNeal v. Glenn*, 4 Md., 87; *Ellinger v. Crowl*, 17 Id., 364; *Bean v. Smith*, 2 Mason, 252.) The appellants, having taken title fraudulently, are trustees for their grantor's creditors. (*Phillips v. Potter*, 32 Iowa, 589.)

DAY, J.—On the 21st of February, 1870, Owen Rooney deeded to each of his sons, James and Owen, Jr., eighty acres of land, for the expressed consideration of $500 in each deed. The land conveyed was all that Owen Rooney, Sr., owned. An agreed statement of facts submitted by the parties states that Owen Rooney, Sr., was to perform his contract of purchase on the 21st of April, 1870, but this is evidently a mistake in the abstract, for suit was commenced against him on the 14th of April, 1870, for his default. It is probable that the contract was to be performed on the 1st of April; it is certain that it was to be performed before the 14th. The garnishees admit that the land was worth forty dollars an acre when it was conveyed to them over and above any part of it that might be exempt from execution by law; and that, on the 25th of January, 1873, they sold it for forty-five dollars an acre.

From the answers of the garnishees it appears that, when they attained their majority, their father agreed with them

1. CONVEYANCE: consideration: future support.

that if they would remain on the farm and help to school their two brothers, he would give them all the property he owned when their brothers' term of schooling was out; that they remained with their father

and worked on the farm from the year 1869 and that the con-
veyance to them was in consideration of this work, and their
further agreement to support their father and mother during
their lives. It further appears that Owen Rooney, Sr., dis-
posed of all his personal property in September, 1869; that
he had $1400 in money at the time of the conveyance to his
sons, and that he had no property whatever at the time the
answers of the garnishees were taken.

Appellants' counsel undertake to show that the conveyance
was but a reasonable remuneration for the work performed
and the obligation assumed by the garnishees. From this
argument we quote the following: "We have agreed that the
80 acres given each boy were worth $3,200; in payment for
this he worked on and managed the farm for six years and a
half to pay all the bills of their two brothers who were off at
school, and supported their parents during this time. The
fair value of the services of an ordinary workman, to say
nothing of a manager, during and for several years after the
war, was as high as $300 per year, as every person knows.
The contract was made in 1864. Allowing $300 a year for
the years 1864-5-6-7, and $250 for the other two and a half
years before the deed was made, and we have $1,825, which
with interest from the years it was earned until payment
makes $2,367.50. This, however, was the least part of the
consideration, for they both swear they were to support both
their parents during life. Who can say how great an amount
they might have to pay under this obligation?" This esti-
mate is very liberal in many respects. Of course, if the
garnishees paid the schooling bills of their brothers, and sup-
ported their father and mother, they did it from the proceeds
of the farm and they are to be allowed only for their work.
There is no proof that they assumed or were intrusted with the
management of the business. Again, they themselves were
supported from the farm, of which no account has been taken.
Further, in the foregoing estimate they are allowed pay for all
of the year 1864, in which the agreement was made, and for
half of the year 1870, whereas the deed to them was made on
the 21st day of February of that year. Besides, the interest is

computed at ten per cent to the middle of the year 1870 instead of at six per cent to the 21st of February, 1870. But even conceding the entire correctness of the estimates of appellants' attorneys, which are perhaps double what would be fair and reasonable under all the circumstances, still it appears that $832.50 of the consideration of each conveyance, or $1,665 of the consideration of the whole tract, is the agreement of the garnishees for the future support of their father and mother. This stamps the transaction with a fraudulent character. A party cannot thus place his property beyond the reach of creditors, retaining to himself the benefits of it. In *Macomber v. Peck*, 39 Iowa, 351, it was held that a conveyance with a secret reservation that the grantor was to occupy the premises for a time, and have the use and enjoyment of them without rent as part of the consideration, was fraudulent in law, because if such conveyances could be upheld deeds might be made for grossly inadequate consideration, the possession to be retained for a long period by the grantor, and the principal value be placed beyond the reach of creditors. The case at bar involves the same principle. *Sidensparker v. Sidensparker*, 52 Maine, 481, is a case in point.

II. Appellants claim, however, that at the time of the conveyance to them Owen Rooney, Sr., had $1,400 out on mortgage, and owed nothing except upon the obligation which he assumed to Cussick and that the conveyance, even if voluntary, cannot be regarded as fraudulent. We do not understand the evidence to show that Owen Rooney had this amount out on mortgage at the time of the conveyance. One of the garnishees states that his father had $1400 loaned on mortgage on the 1st of October, 1869. And the other states that "father had $1,400 at the time we received the deeds from him, and for some time after." That it was in a position to be reached by execution does not appear. He had no property when the answers of the garnishees were taken.

III. It is further urged by appellants that if the conveyance to garnishees was fraudulent, the proceeds of the sale of the property cannot be reached by the process of garnishment, but that for that purpose resort must

2. PRACTICE: trial.

be had to a proceeding in equity.    Section 2987 of the Code provides:   "When the garnishee has answered the interrogatories propounded to him, the plaintiff may controvert the same by pleading by him filed, and issue may be joined and the same tried in the usual manner."   The point now presented is that the issue in this case is of an equitable character and should have been tried as such.    The issue was so tried by the court without the intervention of a jury, and we have, without objection on the part of appellee, reviewed the question *de novo* and not merely upon assignments of errors.    The garnishees have had all the privileges and advantages which they could have secured by the trial of the question upon a petition in equity.    The record does not show that any objection was made in the court below to the mode of determining the question.    In *Richmond v. Dubuque & Sioux City R. Co.,* 33 Iowa, 422, it was held that a party would be presumed to have waived his right to a trial by jury, even in a case properly triable at law, by failing to take the proper steps to have the cause transferred to the law docket.    *A fortiori* have the garnishees in this case waived the right to insist that the question determined is cognizable only in equity, in view of the fact that it was tried in the court below and has been reviewed here in the same manner as if it had been an original action tried on the equity docket.    We discover no error in the proceeding below.

AFFIRMED.