## STRONG ET AL. v. LAWRENCE ET AL.

| | 58 | 55 |
|---|---|---|
| | 91 | 638 |
| | 58 | 55 |
| | 96 | 33 |
| | 58 | 55 |
| | 104 | 335 |
| | 58 | 55 |
| | 108 | 105 |
| | 58 | 55 |
| | 109 | 276 |
| | 58 | 55 |
| | 115 | 246 |
| | 58 | 55 |
| | 122 | 731 |
| | 58 | 55 |
| | 129 | 319 |
| | 58 | 55 |
| | 132 | 111 |
| | 58 | 55 |
| | 135 | 403 |
| | 58 | 55 |
| | 140 | 292 |

1. **Judgment:** WHEN CONCLUSIVE. As no fraud or collusion, or error in law, has been shown in the recovery of the judgment sought to be enforced in this case, it will be regarded as conclusive of the fact, and of the amount, of the indebtedness.

2. **Fraudulent Conveyance:** CONSIDERATION: TRUST. Where the consideration for a conveyance is, in fact, a secret trust for the support of the grantor, the conveyance is fraudulent.

3. ——: ——: VOLUNTARY. Where the difference between the price paid, and the actual value of the property, is apparent and great, the conveyance will be regarded as voluntary to the extent of that difference.

Strong v. Lawrence.

4. **Voluntary Conveyance:** WHEN VOID: BURDEN OF PROOF. If the debtor is insolvent at the time judgment is rendered, his insolvency will be considered as extending back beyond a voluntary conveyance of his property, made during his indebtedness, unless the contrary be shown; and the burden is upon the party claiming under the conveyance to show that, at the time it was made, his donor had other property amply sufficient to pay all his debts.

5. ————: ACTION TO SET ASIDE. If a remedy is sought by an action in equity, in the nature of a creditor's bill, it is not necessary to have an execution returned *nulla bona*, where the debtor is otherwise shown to be in fact insolvent. Section 2550, Code, abolishes all distinction between joint and several liability, and authorizes an action against any one of the parties to a joint obligation.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, APRIL 18.

THIS is an action in equity to declare fraudulent as to creditors, and set aside a conveyance of certain real estate, by Alexander and Mary Lawrence, to their sons, Hugh and William Lawrence. The court granted the relief prayed. The defendants appeal. The material facts are stated in the opinion.

*Brown & Wellington,* for appellants.

*Cooley, Fannon & Akers,* for appellees.

DAY, J.—I. The plaintiffs bring this action as executors of the estate of H. S. Weiser, deceased. On the 13th day of March, 1877, the defendants Alexander and Mary Lawrence, conveyed to the defendants William and Hugh Lawrence, the premises in controversy. On the 16th day of October, 1877, the plaintiffs recovered a judgment by default against Alexander and John Lawrence, for $459.50 and costs, upon two promissory notes, dated respectively September 1, and October 25, 1871, and purporting to be executed by A. Lawrence to J. Lawrence, and by him indorsed and guaranteed to H. S. Weiser or order, on November 1,

*1. JUDGMENT: when conclusive.*

1871, and January 31, 1872. The defendants insist that the signatures of Alexander Lawrence to these notes were forged by his son John Lawrence, and that Alexander Lawrence was not indebted, on account of said notes, at the time the conveyance in question was executed. The plaintiffs insist that the judgment entered upon the notes, which was obtained upon due notice to both Alexander and John Lawrence, is conclusive against all of the defendants, both as to the fact and amount of indebtedness when the conveyance was executed. The position of the plaintiffs is abundantly sustained by authority, and is, we think, correct. The case of *Lidensparker v. Lidensparker*, 52 Me., 481, is analogous to the one at bar, and is directly in point. In that case the plaintiff claimed title to land under a levy of execution in 1860, issued upon a judgment recovered in 1856, on a note executed in 1837, in a suit to which the defendant was not a party. The defendant claimed the land under a conveyance from the debtor in 1852, which was intermediate the execution of the note and the recovery of the judgment, and which conveyance the plaintiff claimed was fraudulent. The court instructed the jury that it was not competent for them to go behind the judgment, to inquire into the validity of the note upon which it was predicated, but that the judgment was a final and conclusive determination of the subject-matter on which it was founded. The court held that the rule, that an erroneous judgment can be avoided only by writ of error, has been so far relaxed where manifest injustice would be done to parties who have no right to reverse a judgment on writ of error, as to allow such parties to impeach a judgment by plea and proof, where the court had no jurisdiction, or it had been obtained by fraud or collusion, or was erroneously and unlawfully entered up, but that " beyond this, the rules and principles of law do not authorize parties to proceed in the collateral impeachment of judgments, and when a judgment in a personal action is not liable to either of these objections, whether rendered on default, or after contestation, it is con-

clusive as to the relation of debtor and creditor between the parties, and the amount of indebtedness, and cannot be collaterally impeached by third parties in a subsequent suit, where such relation and indebtedness are called in question." The following authorities fully sustain this view: *Ferguson v. Kumler*, 11 Minn., 104; *Star v. Star*, 1 Ohio, 146; *Candee v. Lord*, 2 N. Y., 269; *Swihart v. Shaum*, 24 Ohio St., 432; *Scott v. Indianapolis Wagon Works*, 48 Ind., 75.

The appellant relies upon *Sargent v. Salmon*, 27 Me., 539; *Reed v. Davis*, 22 Mass., 388, and *Mattingly v. Nye*, 8 Wall., 370. The case of *Sargent v. Salmon* was reviewed and distinguished in *Lidensparker v. Lidensparker*, *supra*, and it was shown that the objection upon which the defendant was allowed to impeach the judgment was founded upon an error *in law*, the judgment plaintiff having recovered judgment on default for double the amount he was entitled to by law. In *Reed v. Davis* the court instructed the jury that the judgment and the note on which it was recovered were *prima facie* evidence that the plaintiff was a *bona fide* creditor, and sufficient to entitle him to show defendant's deed fraudulent, unless the defendant could prove that the note was not due, or had been paid, and that the judgment was collusive or fraudulent. Upon the defendant's appeal it was held that the instruction was beyond all doubt correct. In this case the direction to the jury was, that the judgment was sufficient evidence of the debt unless the defendant could show, not only that the note was not due, or had been paid, but also that the judgment was collusive or fraudulent. It is evident that this case is fully in harmony with *Lidensparker v. Lidensparker*, *supra*. *Mattingly v. Nye* was an action to set aside a trust executed by Nye, as in fraud of his creditors. The trust deed was executed in 1857, and the judgment under which plaintiff sought to set the trust deed aside was recovered in 1863, upon the assignment of a claim by Nye to the plaintiff, executed in 1860. It thus appears that both the assignment and the judgment were subsequent to the trust

deed. The plaintiff claimed, however, that the consideration of the assignment included two debts to him from the defendant Nye, bearing date of November 2, 1853, and thus antedating the trust deed. The controversy was as to the existence of a debt from Nye to the plaintiff prior to the assignment, and prior to the execution of the trust deed. It is evident that the judgment furnished no evidence upon this question. In determining the question, the court say: "The judgment is conclusive in respect to the parties to it. It cannot be impeached collaterally, and it cannot be questioned upon a creditor's bill.     *     *     *     Here the question is not as to the conclusiveness of the judgment, but as to the indebtedness of Nye to the complainant when the property was conveyed to Harkness." It is evident that this case, rightly understood, is an authority in favor of the position of the plaintiff. As. no fraud, or collusion, or error in law, has been shown in the recovery of the plaintiff's judgment, we are of opinion that it is, in this case, conclusive of the fact, and of the amount, of the indebtedness of Alexander Lawrence.

II. Alexander Lawrence conveyed to his sons Hugh and William 320 acres of land, worth $6,400. They assumed and paid off a judgment in favor of the school fund, and which was a lien upon the land, for $400. The evidence tends to show that they paid the further sum of $200, the proceeds of crops raised upon the land, and that they have agreed to support their father. In fact the only consideration for the conveyance is the agreement for support. Where the consideration is in part a secret trust for the support of the grantor, the conveyance is fraudulent. *Lidensparker v. Lidensparker*, 52 Me., 481; *Smith v. Smith*, 11 N. H., 459; *Macomber v. Peck*, 39 Iowa, 351; *Graham v. Rooney*, 42 Iowa, 567.

*2. FRAUDU-LENT convey-ance: consid-eration: trust.*

III. If it should even be conceded that the consideration of. $600 was *bona fide* paid, still the difference between the price paid and the actual value of the property is so apparent and so great, that the conveyance will

*3. ——: ——: voluntary.*

be regarded as voluntary to the extent of that difference. Bump on Fraudulent Conveyances, pages 288 and 289; *Norton v. Norton*, 59 Mass., 524; *Church v. Chapin*, 35 Vt., 223; *Worthington v. Bullet*, 6 Md., 172; *Robinson v. Stewart*, 10 N. Y., 189; *Keeder v. Murphy*, 43 Iowa, 413.

IV. The petition alleges that Alexander Lawrence has no property other than that in controversy, and had none other

4. VOLUNTARY
CONVEYANCE:
WHEN VOID:
BURDEN OF
PROOF.

at the time the judgment was rendered. The proof supports this allegation. The appellant insists that the plaintiff must show that Alexander Lawrence had no other property at the time the conveyance was made. The conveyance in this case was not only fraudulent in fact, but, in the most favorable view which can be taken for the defendants, voluntary, as to the excess in its value over $600. "The party who sets up a voluntary conveyance in opposition to the claims of pre-existing creditors, is required to show that the means of the donor, independent of the property conveyed, were abundantly ample to satisfy all his creditors." Bump on Fraudulent Conveyances, p. 279. Where it is found that a debtor is insolvent at the time judgment is rendered, and is unable to respond to the amount recovered, his insolvency will be considered as extending back beyond a voluntary conveyance of his property made during his indebtedness, unless the contrary be shown. *Carlisle v. Rich*, 8 N. H., 44.

V. The appellants insist that in order that the plaintiffs may have any standing in a court of equity to set aside this

5. ——: action
to set aside.

conveyance as fraudulent, it is necessary that they should exhaust their legal remedy against John Lawrence. The appellants cite and rely upon *Voorhees v. Howard*, 43 N. Y., 371, which holds that "where a remedy is sought by an action under the Code, in the nature of what, under the old practice, was known as a creditor's bill, it is necessary for the complaint to show affirmatively, that an honest attempt has been made to collect the debt by the issuing and return of an execution against the judgment debtor, and when there were several defendants jointly liable

thereon, that such an effort has been made, and such remedy exhausted against all the judgment debtors." That it is not necessary in this State to have an execution returned *nulla bona*, where the debtor is otherwise shown to be in fact insolvent, see *Miller v. Dayton*, 47 Iowa, 312; *Postlewait v. Howes*, 3 Iowa, 365; *Gwyer v. Figgins*, 37 Iowa, 517; *Gordon v. Worthley*, 48 Iowa, 429.

It is claimed, however, that there is no allegation that John Lawrence is insolvent, and that whatever evidence there may be in the record of that fact, is inadmissible, and must be rejected. We do not deem it necessary to determine this question.

Section 2550 of the Code abolishes all distinction between joint and several liabilities, and authorizes an action to be brought against any one of several parties to a joint obligation. See *Ballinger v. Tarbell*, 16 Iowa, 493. The plaintiff might, therefore, have sued Alexander Lawrence, without making John Lawrence a party, and if he could have proceeded in that manner, it follows, we think, that he may uncover the property of Alexander Lawrence without proving the insolvency of John Lawrence. Besides, Alexander Lawrence is the sole maker of the note; John Lawrence is the payee, indorser, and guarantor. He stands in the relation, so far as the note indicates his liability, of a mere surety for Alexander Lawrence, the maker. It is eminently proper, therefore, that the plaintiffs should be allowed to collect their debt out of the property of Alexander Lawrence, without being required to pursue their legal remedy against John Lawrence, or to show his insolvency. As bearing at least by analogy upon the question involved in this branch of the case, see *Palmer v. Stacy*, 44 Iowa, 340. The judgment is

AFFIRMED.