## EMMERICK v. HEFFERAN et al.

(Superior Court of New York City, General Term.  May 5, 1890.)

FRAUDULENT CONVEYANCES—EVIDENCE—INSOLVENCY OF GRANTEE.

    Testimony that a person heavily indebted, shortly after a demand for payment of the indebtedness and his declaration not to pay, makes a voluntary transfer of all his real estate in the county where he resides, worth $30,000, to his wife, through his son, and receives at the time a general power of attorney, and that an execution issued on a judgment for more than $10,000 obtained for the debt is returned unsatisfied within seven months after the execution of the conveyance, makes out a *prima facie* case that the conveyance was intended to defraud the creditor.

Appeal from special term.

Action by Adam Emmerick, as judgment creditor of Peter Hefferan, to set aside a conveyance by him to his wife, Catherine Hefferan. Upon the death of Catherine Hefferan, an order was made substituting in her place Henry A. Hefferan and Mary Josephine, his wife, and Mary M. Nesmith. There was judgment for defendants, and plaintiff appeals.

Argued before TRUAX and DUGRO, JJ.

*Wm. G. McCrea*, for appellant. *Townsend, Dyett & Einstein*, for respondent Peter Hefferan. *Henry E. Mooney*, for respondent H. A. Hefferan. *Thomas Boese*, guardian *ad litem*, for Nesmith.

DUGRO, J. The plaintiff sought to have a conveyance declared void as having been made with intent to hinder, delay, and defraud creditors. He appeals from a judgment in favor of defendants. The facts are as follows: On December 29, 1882, defendant Peter Hefferan, being indebted to plaintiff in a sum exceeding $9,000, made a voluntary conveyance of real property, worth $30,000, to his wife, through his son as intermediary, receiving from the grantee on the same day a general power of attorney. In January following the plaintiff commenced an action to recover the sum due him, and obtained judgment therein August 2, 1883. A few days after the judgment was obtained execution issued thereon was returned unsatisfied. About one month prior to the delivery of the conveyance the defendant Peter Hefferan, on being requested to pay plaintiff's claim, which arose by reason of the breach of warranty contained in a deed delivered by him to the plaintiff some years prior to 1882, said that he had paid Mr. Dyett for defending the suit, (an action of ejectment against the plaintiff, resulting in his eviction,) and was not going to pay any more. An examination of the records in the register's office failed to disclose that the grantor owned at the time of the transfer any real property other than that conveyed. No explanation of the circumstances was given by the defendants, the case having been submitted on the plaintiff's proof. The learned trial judge found upon these facts that the conveyance had not been made with intent to hinder, delay, or defraud creditors, and refused to find to the contrary, as requested by the plaintiff. This, we think, was error; for the plaintiff had made out a *prima facie* case which, unless satisfactorily explained by the defendants, called for a judgment in his favor. It seems that the grantor was insolvent in August, 1883, as then an execution issued upon the judgment was returned unsatisfied. This was but little over seven months after the time of the conveyance. It has frequently been held that insolvency at the time of the rendition of a judgment raises a presumption of insolvency at the time of the gift. Bump, Fraud. Conv. (3d Ed.) 283. This holding, while in conflict with the ordinary rule that a presumption is not retroactive or retrospective, has much to commend it as applicable to actions to set aside conveyances as fraudulent. In *Carlisle* v. *Rich*, 8 N. H. 44, the judgment was obtained several years after the delivery of the deed of conveyance. The court said: "The case finds that when judgment was obtained there were not sufficient funds to pay the claims recovered under the bond, and until the contrary appears such will be presumed to have

been the case at the time of the conveyance.  *  *  *  The insolvency must therefore be considered as extending back to the time of the grant." The case is cited with approval in *Strong* v. *Lawrence*, 58 Iowa, 55, 12 N. W. Rep. 74. The inference of fraud is inevitable in a case where a voluntary conveyance is made by an insolvent debtor, (*Coleman* v. *Burr*, 93 N. Y. 17,) and, if the insolvency is presumed, the same inevitable inference must be drawn. In *Crossley* v. *Elworthy*, L. R. 12 Eq. 158, the debtor made a voluntary settlement, and nine months thereafter laid a statement before his creditors showing liabilities in excess of assets some $20,000. The court said: "Considering that he had made a settlement only nine months previously, I think that state of things is sufficient to relieve those who desire to impeach the settlement from proving insolvency, and to throw upon Mr. Elworthy the burden of proving that he was in a position to make the settlement." In *Townsend* v. *Westacott*, 2 Beav. 340, there was no positive proof of insolvency at the date of the settlement, but the settler became insolvent three years afterwards. The court held that it was not necessary to prove actual insolvency, but that, if insolvency took place shortly after the execution of the settlement, it was enough. The question presented has never, so far as an examination discloses, been passed upon by the courts of this state. I am willing to accept the decisions above referred to, so far as they warrant throwing upon defendants, in a case such as this, the burden of showing the grantor to have been in a position to make the conveyance complained of at the time of its delivery. It seems to us that where a person heavily indebted, shortly after a demand for payment of the indebtedness, and his declaration not to pay, makes a voluntary transfer of real property worth $30,000 to his wife, from whom he receives at the time a general power of attorney, and it appears that the debtor had at the time of the conveyance no title of record to any other real property in the county in which he resided, and execution issued upon a judgment of more than $10,000 obtained for the debt is returned unsatisfied within seven months after the making of the conveyance, defendants, none of whom are purchasers for a valuable consideration, in an action to set aside the conveyance as fraudulent, should be called upon, in fairness and justice, to make some explanation to the plaintiff before being entitled to a finding that the conveyance was not made to hinder, delay, or defraud creditors. On the former appeal in this court, the point which has been deemed by us of vital importance does not appear to have been explicitly presented or relied upon by the appellant, and therefore we have not considered that decision as binding upon us. The judgment should be reversed, and a new trial ordered, with costs to abide the event.