By the Court.—Dugro, J.
The plaintiff sought to have a conveyance declared void as having been' made with intent to hinder, delay and defraud creditors. He appeals from the judgment in favor of defendants.
The facts are as follows:—On December 29, 1882, defendant Peter Hefferan, being'indebted to plaintiff in a sum exceeding $9,000, made a voluntary conveyance of real property worth $30,000 to his wife, through his son as intermediary, receiving from the grantee on the same day a general power of attorney.
In January following, the plaintiff commenced an action to recover the sum due him and obtained judgment therein August 2, 1883. A few days after the judgment was obtained, execution issued thereon was returned unsatisfied. About one month prior to the delivery of the conveyance, the defendant, Peter Hefferan, on being requested to pay plaintiffs claim, which arose by reason of the breach of a warranty contained in a deed delivered by him to the *219 plaintiff some years prior to 1882, said, that he had paid Mr. Dyett for defending the suit (an action of ejectment against the plaintiff, resulting in his eviction) and was not going to pay any more.
An examination of the records in the Register’s office failed to disclose that the grantor owned at the time of the transfer any real property other than that conveyed. No explanation of the circumstances was given by the defendants, the case having been submitted'-on the plaintiff’s proof.
The learned trial judge found upon these facts, that the conveyance had not been made with intent to hinder, delay'or defraud creditors, and refused to find to the contrary, as requested by the plaintiff. This we think was error, for the plaintiff had made out a prima facie case which, unless satisfactorily explained by the defendants, called fora judgment in his favor.
It seems that the'grantor was insolvent in August, 1888, as then an execution issued upon the judgment was returned unsatisfied. This was but little over seven months after the time of the conveyance.
It has frequently been held that insolvency at the time of the rendition of a judgment raises a presumption of insolvency at the time of the gift (Bump on Fraudulent Conveyances, 3d ed., p. 283). This holding, while .in conflict with the ordinary rule that a presumption is not retroactive or retrospective, has much to commend it as applicable to actions to set' aside conveyances as fraudulent. In Carlisle v. Rich, 8 N. H. 44, the judgment was obtained several years after the delivery of the deed of conveyance. The court said: “The case finds that when judgment was obtained there were not sufficient funds to pay the claims recovered under the bond, and until the contrary appears such will be presumed to have been the case at the time of the conveyance. The insolvency must, therefore, be considered as extending back to the time of the grant.” The case is cit *220 ed with approval in Strong v. Lawrence, 58 Iowa, 55.
The inference of fraud is inevitable in a case where a voluntary conveyance is made by an insolvent debt-, or (Coleman v. Burr, 93 N. Y. 17), and if the insolvency is presumed the same inevitable inference must be drawn.
In Crosby v. Elworthy, L. R. 12 Eq. 158, the debt- or made a voluntary settlement, and nine months thereafter laid a statement before his creditors showing liabilities in excess of assets .some $20,000. The court said “ Considering that he had made a settlement only nine months previously I think that state of things is sufficient to relieve those who desire to impeach the settlement from proving insolvency and to throw upon Mr. El worthy the burden of proving that he was in a position to make the settlement.”
In Townsend v. Westcott, 2 Beav. 340, there was no positive proof of insolvency at the date of the settlement, but the settler became insolvent three years afterwards. The court held that it was not necessary to prove actual insolvency, but that if insolvency took place shortly after the execution of the settlement, it was enough. The question presented has never, so far as an examination discloses, been passed upon by the courts of this state.
I am willing to accept the decisions above referred to so far as they warrant throwing upon defendants in a case such as this the burden of showing the grantor to have been in a position to make the conveyance complained of at the time of its delivery. It seems to me that where a person heavily indebted, shortly after' a demand for payment of the indebtedness and his declaration not to pay, makes a voluntary transfer of real property worth $30,000 to his wife, from whom he receives at the time a general power of attorney, and it appears that the debtor had at the time of the conveyance no title of record to any other real property in the county in which he resided, and *221 execution issued upon a judgment of more than $10, 000 obtained for the debt is returned unsatisfied -within seven months after the making of the conveyance, defendants, none of whom are purchasers for a valuable consideration, in an action to set aside the conveyance as fraudulent, should be called upon in fairness and justness to make some explanation to the plaintiff before being entitled to a finding that the conveyance was not made to hinder, delay or defraud creditors.
On the former appeal in this court the point which has been deemed by us of vital importance does not appear to have been explicitly presented or relied upon by the appellant, and, therefore, we have not considered that decision as binding upon us.
The judgment should be reversed and a new trial ordered, with costs to abide the event.
Truax, J., concurred.