94 539
104 334

The Smith, Lichty & Hillman Company, Appellant, v. Edgar E. Mack.

**Fraudulent Conveyance:** EVIDENCE DOES NOT ESTABLISH. Defendant's brother, who was then insolvent, owned certain lots by unrecorded contracts of sale, which were later mortgaged and conveyed to defendant, but the conveyances, by inadvertence, were not recorded until a few days prior to the entry of plaintiff's judgment against the insolvent, at which time the insolvent transferred to the defendant all his remaining property. Defendant paid indebtedness of the insolvent in excess of the value of the property received by him. Defendant agreed to turn over to plaintiff the property received, together with an additional sum of money, if plaintiff would undertake the payment of the insolvent's obligations. Plaintiff, while extending credit, had information to put it on inquiry as to the solvency of its debtor. *Held,* that an action to set aside the conveyance for fraud was properly dismissed.

*Appeal from Buena Vista District Court.*—Hon. Lot Thomas, Judge.

Friday, May 17, 1895.

Action to subject property to the payment of a judgment. Judgment for defendant, and the plaintiff appealed.—*Affirmed.*

*F. C. Platt* and *I. W. Bane* for appellant.

*Mack & De Land* for appellee.

Granger, J.—The plaintiff firm is a judgment creditor of F. P. Mack, who is a brother to the defendant. The judgment was entered in Buena Vista county, January 9, 1893, on confession for the sum of one thousand nine hundred dollars. Prior to the entry of the judgment, F. P. Mack had owned certain real estate

in the town of Newell, and was the owner of some
personal property, including a stock of goods. F. P.
Mack had been for some years engaged in mercantile
business in the town of Newell, and the plaintiff firm
had sold him goods for his trade, and the judgment in
its favor is on account for a balance due on such sales.
The real estate and personal property of F. P. Mack
were on the sixth day of January, 1893, and prior
thereto, assigned, by deed or bill of sale, to the defend-
ant, and this action is to set aside such conveyances as
fraudulent, and subject the property or its proceeds to
the payment of plaintiff's judgment. The district court
dismissed plaintiff's petition. After a careful review
of the record, we readily concur in the conclusion, plac-
ing our holding on the merits of the case. The prayer
of the petition asked that defendant be required to
make a showing of the transactions between himself
and F. P. Mack, and the result is, to our minds, con-
clusive against any fraudulent purpose in the transac-
tion, and we think the case is free from any fraudulent
results. It is true that the transactions were between
brothers, and they occurred at a time when F. P. Mack
was involved, and the last, if not all, of them, when
he was insolvent. Neither the evidence nor the facts,
to show the case entire, can be presented, and we will
only notice one or more prominent features of it.
Beyond a doubt, the defendant assumed the payment of
obligations of F. P. Mack much in excess of the value of
all the property conveyed to him, and actually paid
them. Some of the lots owned by F. P. Mack were held
only by contracts of sale, and not by deeds. One of
these had been sold to him by the defendant, and there
was nothing of record to show the sale. The sale by
contract was made in 1880, and F. P. Mack took pos-
session and built a store on the lot that was used in his
business. He paid the taxes, and was, ostensibly, the

owner. This is known in the record as "lot 9 in block 2." "Lot 1 in block 2" adjoined lot 9, and this was held by contract from one Holbrook. The two lots are regarded as the "store property." About June or July, 1890, by agreement, lot 9 was conveyed to defendant by deed, and lot 1 by assignment of the Holbrook contract. Neither conveyance was recorded until January, 1893, when a deed from Holbrook was obtained, and the deeds were recorded and possession taken by defendant. At the time of the conveyances in June or July (probably July 1, 1890), two mortgages on said lots were made by F. P. Mack to defendant, aggregating one thousand seven hundred and twenty-five dollars, and the conveyances of that date were taken subject thereto. These papers were not acknowledged until December 13, 1890. One of the mortgages was recorded December 22, 1890, and the other January 23, 1891. The deed to defendant was not recorded till January 7, 1893. The sixth day of January, 1893, was when all the remaining property of F. P. Mack was assigned to defendant. Appellant attached great importance to the irregularities of the transactions in the way of failures or neglect to record the instruments at or near the time of execution, and especially of the deed of F. P. Mack to the defendant, which was not recorded for more than two years. This is claimed to have been though inadvertence on his part. The claim is made that the situation of this property, while plaintiff was extending credit, was such as to induce a belief that F. P. Mack was solvent; and it appears that through inquiries of bankers and others, including commercial reports, plaintiff understood him to be so. We think the keeping of the deed from the record was not with intent to defraud, nor even intentional after December, 1890, when the other papers were recorded. In fact, that transaction is hardly to be regarded as

completed before that time. After that, with the mort·
gages of record, we do not see how one could
have been misled because of the record, for it was
such as to put one on inquiry. The conveyance
from Holbrook, by contract, was never recorded,
because of which, when assigned to defendant, it
was thought unnecessary to record the assignment;
and it appears that this conveyance, as well as
that of lot 9, was only as security because of defend·
ant's signing notes for F. P. Mack. When the entire
assignment was made, in January, 1893, it clearly
appears that defendant actually assumed the payment
of obligations, and paid the same from the proceeds
of the property assigned, and from his own, to the
amount of more than ten thousand dollars, which was
largely in excess of the value of all the property
received. Without treating it as a matter of great
importance or weight, it is worthy of note that the
defendant offered to plaintiff to turn over all the prop·
erty received, and give, in addition, two thousand dol·
lars, if he could be saved harmless from the payments
he had assumed as a consideration for the property
received. We may further say that there is testimony
showing that, while the credits were being extended
by plaintiff, it had such information as to put it on
inquiry, from which fact, with the record condition of
the title to the real property, it is not in a position to
claim, in the absence of real fraud, that the transac·
tions should be avoided. The judgment seems to be
clearly right, and it is *affirmed*.