Cain v. Devitt.

## CAIN *v.* DEVITT.

Where in a suit commenced before a justice of the peace, the original notice informed the defendant, that the plaintiff claimed of him a certain sum, as money due her for the labor of her son, A., and that the amount claimed, was justly due her as the balance of accounts for said labor of her son; *Held,* That the original notice sufficiently stated the plaintiff's cause of action; and that there was no error in permitting the plaintiff, in the absence of a bill of particulars, to give evidence under it, to show an indebtedness to her from defendant, for the work of her son, A.

Under the Code, the mother, as the natural guardian of the person of a minor son, where the father is dead, is entitled to recover for the services of the son.

Where in an action by a widow, to recover for the services of her minor son, the defendant asked the court to instruct the jury as follows: "That the mother, on the death of the father, is not entitled to recover for the earnings of her minor child, and cannot maintain an action therefor in her own name," which instruction the court refused to give; *Held.* That the instruction was properly refused.

Where there is nothing in the testimony in a cause, to justify the assumption on which instructions asked, are predicated, they may be properly refused.

*Appeal from the Clinton District Court.*

THURSDAY, APRIL 7.

THIS ACTION was commenced by a widow, before a justice of the peace, to recover for the services of her minor son,

and taken by appeal to the district court.   The original no-
tice was served upon the defendant, and informed him that
the plaintiff claimed of him $65,50, as money due her for
the labor of her son Anthony, and that the above amount
was justly due her as the balance of accounts for said labor
of her son.   Judgment for the plaintiff, and defendant ap-
peals.   The other material facts are stated in the opinion of
the court.

*A. R. Cotton*, for the appellant, upon the point that the
mother could not recover for the earnings of her minor
child, cited *Pray* v. *Gorham*, 31 Maine (3 Red.,) 240 ; *Jen-
ness* v. *Emerson*, 15 New Hamp., 486 ; *Commonwealth* v.
*Murray*, 4 Binney, 487 ; 2 Kent Com., 193 ; 1 Parsons on
Cont., 256, 257 and note ; 1 Black. Com., 453.

*Cook, Dillon & Lindley*, for the appellees.

The appellant, to establish the proposition that the mother
has no legal right to recover for the service of her son, cites
*Pray* v. *Gorham*, 31 Maine, 240.   That case, as the court
will see on examination, was decided with reference alone to
certain sections of the statute of that state.   He also cites
*Jenness* v. *Emerson*, 15 N. H., 486.   This case was decided
on the ground that the child was emancipated by misfortune,
the parent being a pauper, which admits that, otherwise, she
would have the right to recover for the services of her child.
The case of *Commonwealth* v. *Murray*, 4 Binney, 487, is
also referred to.   That case is decided with reference to the
power of Congress to contract with a minor, so that even he
cannot avoid the contract.   And BRECKENRIDGE, Justice,
puts it somewhat on the particular circumstances of the case.
The boy was sickly—could not work at his trade—going to
sea was good for him ; and, in such a case, says that Judge,
the court will interpose.   Reference is also made to 1 Black-
stone, 453.   The remark there, in parenthesis, is but a loose
expression, and evidently refers to the time when the father

and mother are both living. In *Nightingale* v. *Withington*, 15 Mass., 272, PARKER, Judge, says: "Generally, the father, and in case of his death, the mother, is entitled to the earnings of their minor children. See *Benson* v. *Remington*, 2 Mass., 113. In 16 Mass., 139, WILDE, Justice, says: "The mother, after the death of the father, remains the head of the family. She has the like control over the minor children as he had when living." WOODBURY, Justice, in *Gale* v. *Parrot*, 1 N. H., 28, says: "The general right of parents to recover for the services of their minor children, cannot be contested." And the court say, in 4 N. H., 95: "By the common law, and independent of the statute, such children are entitled to, and have, a perfect right to support from their parents; and correlative to this duty, is the right of the parents to the services of their children, so long as they remain under their control." But, without going through the whole range of authority on this subject, we will call the attention of the court to a few sections of the Code of Iowa, to show, that in this state, the mother may recover for the services of her minor child, the father being dead. By sec. 1490, it is provided that when the minor has been paid for his services, " the parent or guardian cannot recover therefor a second time." It does not say, " the father or guardian." Can the guardian of the person of a minor sue for his services? The answer must be in the affirmative. If so, then the mother can sue, because she is a parent; and the guardian of the person has no more power and control over the person than the parent has. See section 1498 of the Code. That section does not say that the guardian has the same power and control that the father would have, but " that the parents would have, if living." See, also, sections 1491, 1492, 1493, 1494 of the Code, all of which show conclusively that the legislature intended that, the father being dead, the mother succeeded to all his rights and control over their minor children. In conclusion, we wish to refer the court to 2 Kent's Com., (6th ed.), 192. He says: "There can be no doubt that this right of the

father is perfect while the child is under the age of fourteen years. But as the father's guardianship by nature continues until the child has arrived to full age, and as he is entitled by statute to constitute a testamentary guardian of the person and estate of his children, until they are of the age of twenty-one, the inference would seem to be that he was, in contemplation of law, entitled to the custody of the persons, and to the value of the services and labor of his children during their minority." Now, this argument applies to the case at bar precisely, for, by section 1491, if the father dies, the mother becomes the guardian by nature. By section 1492, she may, by will, appoint a guardian ; and by section 1494, she may appoint a guardian to take charge of the property of the minor. The remarks of Chancellor Kent, above quoted, are applicable to this case, in every particular, and conclusively establish our position, that in such case the mother may recover, under the Code of Iowa.

STOCKTON, J.—To insure a trial in the district court upon appeal, on the same cause of action that was tried before the justice, the law requires that the justice shall file in the office of the clerk of the district court, all the original papers relating to the suit, with a transcript of the entries on his docket. Code, section 2336. Because the bill of particulars was not marked "filed," by the justice, the defendant objected to the same being read to the jury, and the objection was sustained by the court. When the plaintiff then attempted to introduce evidence to prove an indebtedness to her from the defendant, the latter objected to any evidence being given to the jury, on the ground that there was no bill of particulars on file, nor anything in the record, to show on what cause of action the suit was brought. This objection was overruled, and we think rightly. The original notice sufficiently stated the plaintiff's cause of action, and there was no error in permitting the plaintiff, in the absence of a bill of particulars, to give evidence under it to show an indebtedness to her from defendant, for the work of her son, Anthony.

The more important question in the cause arises under the instructions of the court, as to the right of the mother to recover for the services of her minor son. The plaintiff is a widow, and brought this suit to recover for the work and labor of her son, under the age of twenty-one years. The testimony does not show that the son resided with the mother, or received his support and maintenance from her. It shows, however, sufficiently that the son, who was nineteen years of age at the time, was subject to the control of his mother, and obeyed her directions as to when, and with whom, he should labor. The court refused to charge the jury, as requested by defendant, that the mother, on the death of the father, is not entitled to recover for the earnings of her minor child, and cannot maintain an action therefor in her own name."

In the absence of statutory regulation, the right of the father to the earnings of his minor children results from his obligation to support them. The right and the obligation go together. The authorities are not uniform upon the question whether this right and obligation devolve upon the mother, at the father's death. The weight of authority would seem to indicate, that at common law, they do not. 1 Parson's Contracts, 259, note. By our statute, the father is made the natural guardian of the person of his minor child; in case of his death, the mother, unless in case of some disqualification, becomes such guardian. Code, sec. 1491, 1492.

Our laws makes the distinction of guardians of the person, and guardians of the property of minors. Where a minor has property not derived from the parents, the county court is required to appoint a guardian to manage said property. And such guardian is required to give bond and security to the approval of the court. The guardian of the person of the minor is not required to give such bond; and whether appointed by the will of the natural guardian, or, in the absence of such will, by the county court, such guardian has the same power and control over the person of the minor, that the parents would have, if living. Code, section 1498.

We think it results conclusively from these provisions of the Code, that the mother, as the natural guardian of the person of the minor son, where the father is dead, is entitled to recover for his services.

Exceptions may exist to this rule, but they are to be determined by the circumstances of each case. Where the son does not live with the mother, or where she does not exercise her right to control him, the son may be entitled to receive, himself, the wages of his labor; and the consent of the mother, in such case, may be inferred from slight circumstances. *Gale* v. *Parrot*, 1 N. H., 28. An agreement by the father, to relinquish to the child the right he would otherwise have to his services, and to receive his wages, may be inferred from the circumstances of his leaving him to manage his own affairs, and make and execute his own contracts, for a considerable time. *Jenny* v. *Alden*, 12 Mass., 375; *Conover* v. *Cooper*, 3 Barb., 115. There is nothing in this case, to indicate that it should not be governed by the general rule.

The objection made to a portion of the testimony, that it showed a partnership between the minor son and one Logan, in the work of " breaking prairie " for the defendant, we think, was properly overruled. The evidence does not necessarily prove any such partnership, and it is not, therefore, necessary for us to decide what would have been the plaintiff's rights in the premises, had such fact been shown.

We may say further, in conclusion, that some of the instructions asked by the defendant, and refused by the court, seem to us proper enough to have been given in a case where they were relevant to the facts proved. There is nothing, however, in the testimony to justify the defendant in the assumption on which the instructions asked and refused, are predicated—that the minor son was the real party in interest—that he contracted to do the work for the defendant on his own account—or that he was not living with his mother, and maintained by her, partly at least, from the proceeds of

his labor.    The instructions asked, therefore, were properly refused.

Judgment affirmed.