M. M. Seekel v. Miranda J. Winch, Seth F. Winch, H. A. Welch, L. W. Fallon and M. J. Fitzgibbon, Appellants.

**Fraudulent Conveyance.** An agreement for future support is insufficient as a consideration to uphold a conveyance, as against the grantor's creditors.

**Evidence:** *Burden of proof.* The burden is upon the wife to show that after such conveyance to her by her husband, which is attacked by his creditors, he has enough property left to pay their claims.

*Appeal from Harrison District Court.*—HON. G. W. WAKE-
FIELD, Judge.

FRIDAY, APRIL 7, 1899.

CREDITORS' bill to subject certain real estate, the record
title to which is in Miranda J. Winch, L. W. Fallon, R. A.
Welch, and M. J. Fitzgibbon, to the payment of a judgment
held by plaintiff against Seth F. Winch. The trial court
granted the relief asked, and defendants appeal.—*Affirmed.*

*S. H. Cochran* for appellants.

*L. R. Bolter & Sons* for appellee.

DEEMER, J.—January 1, 1888, Seth F. Winch made
and executed a promissory note to plaintiff, upon which she
obtained judgment in the district court of Harrison county
on the twentieth day of April, 1896. In that action a writ
of attachment issued, and was levied upon the property in
controversy. The court, in rendering the judgment, which
was a personal one, ordered that the property levied on be
sold under special execution. Prior to May 10, 1892, Seth F.
Winch was the owner of the real estate levied upon, and on
that day, or when the deed was aknowledged, which was on the
nineteenth day of September, 1892, he transferred the same
to Mrs. Miranda J. Mitchell (now Winch), for the expressed
consideration of five hundred dollars. The deed covered, not
only the lots and lands embraced in this suit, but also all
notes, mortgages, and other personal property owned by the
grantor in this state. This suit is to set aside this deed upon
the ground that it was without consideration, and made with
intent to hinder, delay, and defraud the creditors of Seth
Winch. The defendants, other than the Winches, are said
to be purchasers of a part of the property, who obtained their
title after the order for sale under special execution. These
defendants made no defense. Miranda J. Mitchell and Seth
F. Winch were married on May 16, 1892. For four or five

years she had been his housekeeper. On the ninth of May they entered into the following contract: "Omaha, May 9th, 1892. This contract, entered into by and between S. F. Winch, party of the first part, and Miranda J. Mitchell, party of the second part: The said Miranda J. Mitchell agrees to take care of the said Seth F. Winch the remainder of his life, provided the said Miranda J. Mitchell shall outlive the said Seth F. Winch, and I to deed to the said Miranda J. Mitchell such part of my property I now own as I wish her to have for her services for looking after me and my home in my declining years; her to see me safely laid away in my last resting place, should she outlive me. Seth F. Winch, Miranda J. Mitchell." It is claimed the deed in question, which bears date May 10, 1892, was executed pursuant to this contract, and in execution of an agreement for a settlement upon Mrs. Winch after her marriage. It is also claimed that Seth F. Winch had a large amount of property in the states of Rhode Island and Minnesota at the time the deed was executed. Mrs. Winch had no property at the time she married Winch, and the conveyance, if it be sustained, must be based upon the theory that it was, in effect, an antenuptial settlement, or based upon the value of services rendered, and to be rendered in the future, by Mrs. Winch. We do not think the evidence sustains the claim that the property was deeded pursuant to an antenuptial agreement or as an antenuptial settlement. The deed which was actually made goes far beyond the contract which preceded it. Indeed, the contract makes no reference to any contemplated settlement. But, if it be true that the deed was intended as a settlement, we do not think it can be sustained; for the reason that the property conveyed is grossly out of proportion to the station and circumstances of the husband, and, in view of the subsequent disposition he made of his other property, was clearly fraudulent. *Gordon v. Worthley*, 48 Iowa, 429; *Herring v. Wickham,* 29 Grat. 628; *Prewit v. Wilson,* 103 U. S. 22. If the consideration was support furnished, and to be furnished, by Mrs. Winch,

it was voluntary, in so far as it was founded on future support. *Shaw v. Manchester,* 84 Iowa, 246; *Harris v. Brink,* 100 Iowa, 366, and cases cited. As the conveyance was voluntary, the burden is upon the wife to show that at the time of the conveyance her husband had enough other property to pay the plaintiff's claim. *Baxter v. Hecht,* 98 Iowa, 531; *Tyler v. Budd,* 96 Iowa, 29; *Strong v. Lawrence,* 58 Iowa, 55. This she has failed to do. If there be any evidence to establish property in the husband at the time of the conveyance, it shows that such property, except a small bank deposit, was in another jurisdiction. Plaintiff was not compelled to resort to such property, and, as the evidence satisfies us that the conveyance was in fact fraudulent, the trial court did not err in setting it aside.—Affirmed.