CRARY BROTHERS, Appellants, v. JACOB HOFFMAN *et al.*

**Fraudulent Conveyance:** CONSIDERATION: *Payment of infant's earnings to parent.* Unless there has been an emancipation, the payment of his wages by an infant to his parents is no consideration for a transfer of land by one of them to him.

BURDEN OF PROOF ON EMANCIPATION. In a creditor's bill to set aside a transfer of land from a parent to an infant son, where the consideration was alleged to have been the payment by the transferee and another infant son of their wages to the parents, the burden of proving emancipation was on defendants.

LOAN TO GRANTEE: *Makes simple creditor.* The transfer having been to one son only, and the other son merely having his brother's note for the amount he was alleged to have contributed, such amount was no consideration for the deed, but he was a creditor, only, entitled to no priority.

*Appeal from Boone District Court.—*HON. S. M. WEAVER,
Judge.

THURSDAY, JANUARY 23, 1902.

IN its inception this was an action upon two promissory
notes executed by defendant and his wife, Susan J., who
was a party defendant. The action was aided by a writ of
attachment which was levied on certain real estate claimed
to belong to Susan J. Hoffman. Under it, also, one W. W.
Hoffman was garnished as a supposed debtor of Susan J.
Subsequently a petition in equity was filed, bringing in W.
W. Hoffman as a defendant. In this pleading it is alleged
that prior to the levy of the writ of attachment aforesaid
the real estate mentioned had been conveyed by Susan J.
and Jacob Hoffman to their son W. W. Hoffman,—a part
of it directly, and a part through conveyance from one M.
J. Reilly; that these conveyances were without considera-
tion, and made for the purpose of defrauding plaintiffs. The
prayer is that plaintiffs have judgment, and that such judg-
ment be declared a lien on the real estate so conveyed.
Plaintiffs were given judgment on the notes, no defense
being interposed. The equitable issue was tried to the court,
and they were refused the relief asked. From this branch
of the judgment they appeal.—*Modified.*

*R. F. Jordan* for appellants.

*Whitaker & Dale* for appellees.

WATERMAN, J.—W. W. and Gildea Hoffman are sons
of Jacob and Susan J. The conveyance to the former was,
as claimed, for the benefit of both, and the consideration
therefor is asserted to have been the payment by
them to their mother of the wages earned by them
during their minority. It is true, W. W. Hoffman.

claims to have paid over his wages during the two years suc-
ceeding the attainment of his majority. But the amount,
on his own showing, is small, and the showing far from
satisfactory. If there is a consideration for this transfer, it
must be found in the earnings of these two boys during
minority, paid over to their mother. If these minors were
not emancipated, their earnings belonged to their father.
*Cain v. Devill*, 8 Iowa, 116. And the taking of such earn-
ings by either him or the mother would not furnish a con-
sideration for the conveyance made, for there would be no
obligation to return to the minor the money so re-
ceived. The burden of proving emancipation was
upon defendants. *Kubic v. Zemke*, 105 Iowa, 269.
It is true, emancipation may be established by circumstances
showing a mutual understanding between parent and child.
But we fail to find anything in this case tending, either
directly or indirectly, to show that the father ever emanci-
pated either of these boys, except as hereafter stated. Neither
the father nor mother testifies directly on the question. Nor
is it shown the father ever assented to the mother's promise
to return the money received or its value. W. W. Hoffman
testifies expressly that his father never told him that he
had a right to keep what he earned. Gildea's testimony is
that his father never gave him his time until he went to
work as a fireman. Being asked how his time was then given
him, he answered, "By their consent to the officers that I
should go to firing." If this amounted to an emancipation,
—and perhaps it would, for a consent given the railway offi-
cials that he might perform such work could only mean that
such officers might deal with him as his own master,—it would
cover but one year and five months of time, during which
the minor earned some $1,200. But we need not pursue this
matter further. Gildea has nothing more to show
for his interest in this land than a note for $1,200
made by his brother. He is a creditor, only; for no

title to the property, either legal or equitable, rests in him. Therefore plaintiffs' rights cannot be postponed to his.

Under the circumstances, we feel constrained to hold that plaintiffs' judgment should have been made a lien on the real estate in controversy.  As thus modified, the judgment will stand AFFIRMED.