A. M. CAMPBELL, Admr., Appellant, v. L. E. CAMPBELL, LULU E. JACKSON, CHARLES F. JACKSON, and SUSIE B. CAMPBELL.

**Fraudulent conveyances:** BURDEN OF PROOF. A voluntary convey-
1 ance to a child is constructively fraudulent as to existing cred-
itors where the grantor does not retain sufficient property to
satisfy his debts; and the burden is on the grantee to show that
the remaining property of the grantor is sufficient for that
purpose.

**Presumption as to remaining property.** A return of an execution
2 of "no property found" raises a presumption that the debtor
did not, at the time of a previous voluntary conveyance, have
sufficient property remaining to satisfy his debts, and this pre-
sumption can only be overcome by a showing that he in fact
had such remaining property.

**Presumption as to foreign laws.** Where the law of another state
3 is not alleged and proven, it will be presumed to be the same
as the law of this state.

**Homesteads:** EXEMPTION OF PROCEEDS. The proceeds of a home-
4 stead located in a foreign state which are represented by
notes held in this state are subject to execution here, except
as affected by the exemption law.

**New trial:** SURPRISE. A new trial will not be ordered on the
5 ground of surprise, where the proffered additional evidence
would not have required the entry of a different decree.

*Appeal from Hardin District Court.*— HON. W. D. EVANS,
Judge.

THURSDAY, JANUARY 11, 1906.

ACTION to set aside conveyances by L. E. Campbell to
his children, Frank W. Campbell and Lulu E. Jackson, co-
defendant in this action, for fraud as against plaintiff, the
administrator of the estate of the mother of L. E. Campbell.
Decree for the defendants, from which plaintiff appeals.—
*Affirmed.*

*Albrook & Lundy,* for appellant.

*Ward & Hays,* for appellees.

McClain, C. J. — The mother of L. E. Campbell died in New York in 1897, holding a claim against him on which judgment was rendered against him in this state in the year 1901 for $1,544. This claim, it appears, originated in 1869. The indebtedness was denied by L. E. Campbell, and from the judgment he appealed to this court, and the judgment was affirmed in 1903. Soon after the claim was first made against L. E. Campbell in 1897 by the administrator of his mother's estate, he conveyed to his son, Frank W. Campbell, 170 acres of land in Hardin county for the consideration of $1,000 paid in cash and an agreement on the part of grantee to pay $500 to his sister, Lulu E. Campbell, now Mrs. Jackson, codefendant in this action. About the same time he conveyed an 80-acre tract of land to Lulu E. Campbell, and another 80-acre tract to Harry Campbell, subject to an obligation to pay $500 to said Lulu E. Campbell. The land conveyed to Harry Campbell has since been purchased by Charles F. Jackson, husband of Lulu E., and, as Jackson is shown to be a purchaser for value, the conveyance cannot be set aside as to him. It appears, however, that the conveyance to Frank W. Campbell was without consideration, save as to the $1,000 paid, and the assumption of the obligation to Lulu E. Campbell to pay $500, and the land is agreed to have been worth at that time $35 an acre. The conveyance to Lulu E. Campbell was wholly voluntary, as was also the conveyance to Harry Campbell, saving the $500 agreed to be paid to Lulu E. Campbell.

For appellant it is contended in the first place that, there was actual fraud in these conveyances participated in by the grantees such as to warrant the court in setting them aside; but we think the allegation of fraudulent intent is not

made out. To establish actual fraud the burden is on the plaintiff, and the evidence does not support the claim. *Klay v. McKellar,* 122 Iowa, 163.

*1. FRAUDULENT CONVEYANCES: burden of proof.*

But a voluntary conveyance, even to children as to whom there may be presumed an inducement by way of love and affection, is constructively fraudulent as to an existing creditor, unless the grantor had remaining after the conveyance sufficient property to satisfy the claims of his creditors; and the burden is on the grantee to rebut the constructive fraud by proving that the remaining property of grantor was sufficient for this purpose. *Elwell v. Walker,* 52 Iowa, 256; *Ware v. Delahaye,* 95 Iowa, 667; *Baxter v. Hecht,* 98 Iowa, 531; *Lloyd v. Fulton,* 91 U. S. 479, (23 L. Ed. 363).

The question, of course, is as to the financial condition of the grantor at the time the conveyances were made; but, when it appears subsequently that he has no property remaining sufficient to meet the claim of a creditor existing at the time the voluntary conveyance was made, it will be presumed that such insolvent condition existed immediately after the voluntary conveyance, unless the contrary is shown. *Strong v. Lawrence,* 58 Iowa, 55; *Tyler v. Budd,* 96 Iowa, 29; *Seekel v. Winch,* 108 Iowa, 102; *Gardiner Savings Ins. v. Emerson,* 91 Me. 535, (40 Atl. Rep. 551). When execution was finally issued on the judgment of plaintiff against L. E. Campbell, it was returned by the sheriff with the statement that no property of the execution defendant could be found, and the presumption from such return would be, according to the authorities already cited, not only that he then had no property to meet plaintiff's claim, but that he had no such property remaining after the making of the voluntary conveyance; and this presumption is to be met and overcome only by evidence that he had sufficient property after the conveyances to meet the claim, which has been dissipated by some casualty or loss. It seems that it is not

*2. PRESUMPTION AS TO REMAINING PROPERTY.*

sufficient to show that by the ordinary fluctuations in the value of the property that which was at the time sufficient has subsequently become insufficient to extinguish the creditor's claim. *Elwell v. Walker,* 52 Iowa, 256.

It appears from the evidence that at the time these voluntary conveyances were made L. E. Campbell was not indebted otherwise than on this claim in favor of his mother's estate, and he had remaining the $1,000 received from his son, Frank W. Campbell, paid as part consideration for the conveyance to him, a claim of $500 against one Hass, which was subsequently collected by judicial proceedings, and $4,700 in notes received in part consideration of the sale of his former homestead in Chicago, and secured by mortgage on the property. If this personal property was subject to the claims of creditors, and was reasonably available within the state for the satisfaction of his indebtedness to plaintiff, then he had ample means to meet such claims, and the voluntary conveyance to his children should not be set aside in satisfaction of his indebtedness. Substantially the only contention with reference to this personal property is as to whether the $4,700 evidenced by notes which were a part of the proceeds of the sale of the Chicago homestead, and secured by a mortgage thereon, constitute an asset available to creditors in this state.

It is argued in behalf of the plaintiff that under the law of Illinois the proceeds of the homestead are exempt from the claims of creditors. But, as the law of Illinois **3. PRESUMPTION AS TO FOREIGN LAWS.** is not alleged nor proven, it must be presumed to be the same as the law in this state; and under our statutes and decisions the proceeds of a homestead are only exempt for a reasonable time, during which they are held for the purpose of investing them in another homestead. *Benham v. Chamberlain,* 39 Iowa, 358; *Huskins v. Hanlon,* 72 Iowa, 37; *Schuttloffel v. Collins,* 98 Iowa, 576.

It does not appear that at the time these conveyances

were made L. E. Campbell could have acquired a home-
stead if he had desired to do so, for the evidence indicates
that he was a widower without family depend-.
ent upon him. Nor is there any indication
that he had any intention of attempting to ac-
quire a homestead. The proceeds of his former homestead
were therefore subject to the payment of his debts. But
it is further argued that the proceeds of the homestead could
not be reached in this state. It appears, however, that
he had the notes in his possession in Hardin county, and
we see no reason why they were not available to the creditor·
under an execution. If L. E. Campbell had attempted to
conceal or withhold them, he could have been compelled
by proceedings supplemental to execution to disclose and sur-
render them for the benefit of his creditors. There is no
evidence, however, of any attempt to put or keep them be-
yond the reach of plaintiff, and we are justified in finding
that, if plaintiff had at the time been in position to enforce
his claim, it could have been satisfied by levying upon these
notes. It is to be borne in mind that plaintiff was not in
condition to enforce his claim by execution until several
years later, and in the meantime, as L. E. Campbell testi-
fied, he had lost considerable money by speculations.

4. HOMESTEAD: exemption of proceeds.

As the primary inquiry was whether L. E. Campbell
had remaining, after the voluntary conveyances were made
to his children, property amply sufficient and available to
meet his existing indebtedness, and as we find that he had
such property, we concur in the conclusion of the trial court
that plaintiff is not entitled to have the conveyances to the
children set aside.

In his motion for a new trial plaintiff asked that he
be allowed opportunity to show by additional evidence that
L. E. Campbell did not have, at the time the voluntary
conveyances were made, the property disclosed
by him in his evidence, and it was urged that
plaintiff had been taken by surprise and could meet and

5. NEW TRIAL: surprise.

overcome Campbell's testimony if he were allowed an opportunity to do so. But, so far as any specific showing was made, it related to a tract of land in another county, which Campbell claimed to have received from his son Harry in exchange for the eighty acres deeded to his son, which we have in the prior discussions of the case treated as a purely voluntary conveyance, subject only to the obligation to pay $500 to his sister. It appears that the introduction of this evidence would not have required an entry of any different decree from that which was entered by the trial court. The attempted showing as to evidence to contradict Campbell's testimony with reference to the possession of the notes for $4,700, proceeds of the homestead was entirely insufficient. There was no showing that any such evidence could be produced, had a new trial been granted.

Under the record the decree of the trial court was correct, and it is *affirmed.*

WEAVER, J., takes no part.