NEVA CARR, Appellant, v. GEO. W. WAY, Appellee.

**Trial:** REOPENING OF CASE: REVIEW. The matter of reopening a case 1 for the admission of further testimony is largely discretionary, and the action of the trial court will not as a rule be interfered with unless the other party has not had a fair opportunity to meet the same.

**Husband and wife:** FRAUDULENT CONVEYANCES. A wife who is a 2 creditor of her husband may take a valid conveyance from him of property in satisfaction of his debt, unless in doing so she participates in his intent to defraud other creditors; but if she pur-

chases with knowledge of his fraudulent intent, no matter what her purpose may be, she is not a good faith purchaser.

**Same:** CONSIDERATION: BURDEN OF PROOF. The relation of debtor and creditor does not exist when a wife permits her husband to take and use her property for the benefit of the family with no agreement to pay her therefor, and a conveyance of property to her in consideration therefor is voluntary and void as against other creditors of the husband; and in such cases the burden is upon the wife to show that the husband had other property sufficient to pay his debts.

**Same:** TRANSACTIONS BETWEEN HUSBAND AND WIFE. Courts will scan transactions between a husband and wife closely where the rights of creditors are involved.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

TUESDAY, FEBRUARY 16, 1909.

SUIT in equity to set aside a sheriff's deed and to quiet plaintiff's title to a certain lot in the town of Barnes City. Decree dismissing plaintiff's petition, and she appeals.— *Affirmed.*

*Shangle & Gordon,* for appellant.

*S. V. Reynolds* and *J. C. Williams,* for appellee.

DEEMER, J.—In February of the year 1902 defendant herein brought action against one J. F. Carr upon a promissory note and caused a writ of attachment to issue which was levied upon lot 3 in block 15 of Well's addition to the town of Barnes City. Carr appeared and moved to dissolve the attachment because it was levied upon a lot in block 15 instead of a lot in block 13, but this motion does not seem to have been disposed of. Thereafter and on March 5, 1903, judgment was obtained against Carr upon the note in suit. March 7th of the same year execution was issued and a levy made on lot

3, block 13, of Well's addition, and after due notice a
sale was had, Way being the purchaser thereat.   Some-
thing like a year afterward Way received a sheriff's deed
for the property.   Plaintiff, who is the wife of J. F. Carr,
thereupon brought this action to set aside the deed and to
quiet her title to the lot.   During the pendency of the
action upon the note, Carr deeded the lot to his wife by
deed which expressed a consideration of $780, and he
claimed that this was made in satisfaction of an indebted-
ness which Carr owed his wife.   The trial court found
that this conveyance was fraudulent and dismissed the
plaintiff's petition.   For plaintiff it is contended that the
trial court erred in not rendering judgment for the
plaintiff at the conclusion of defendant's testimony and
in permitting him to reopen the case for the purpose of
taking further evidence.

The matter of opening a case for the reception of
additional testimony rests largely in the discretion of
the trial court, and we do not as a rule interfere with the
ruling of the trial court on such applica-
tions unless the other party has not been
given time or opportunity to meet the addi-
tional testimony.   With this testimony admitted, we have
nothing left in the case save the sufficiency of the testi-
mony to show that the conveyance from Carr to his wife
was without consideration, or made with intent to defraud
creditors of whom defendant was one.   There is also a
claim that the property levied upon was a homestead and
not subject to sale for the husband's debts.

1. TRIAL: reopening of case: review.

Plaintiff claims that she was a creditor of the hus-
band, that she took the conveyance in satisfaction of the
debt, and for other considerations at the time paid, with-
out notice or knowledge of the attachment
or of defendant's claim against her husband.
The conveyance was made pending the liti-
gation, and we have no doubt that thereby J. F. Carr was

2. HUSBAND AND WIFE: fraudulent conveyances.

intending to defraud the defendant. If plaintiff herein was a creditor of her husband, she might accept payment of her debt by means of the conveyance, unless she was joining with her husband in his attempt to defraud, and thereby intended to defraud, the defendant. If she was a purchaser of the property as she claims, and with knowledge of her husband's fraudulent intent, no matter what her purposes, she can not be held to be a good-faith purchaser. The distinction between the rights of a creditor who is endeavoring to protect his claim, and of a purchaser who has no claim to protect but who buys with knowledge or notice of his grantor's fraud, is apparent and is well sustained by authority. *Rosenheim v. Flanders,* 114 Iowa, 291; *Joyce v. Perry,* 111 Iowa, 567; *Johnson v. Johnson,* 101 Iowa, 405. We are fully satisfied from a reading of the record that J. F. Carr made the conveyance with intent to defraud the defendant, and that his wife, plaintiff herein, had knowledge of that fact, or sufficient notice to put her upon inquiry which would, if pursued, have resulted in such knowledge.

As to the consideration for the conveyance, the only claim made by her is that at the time of her marriage to Carr her relatives gave her some chickens which she allowed her husband to sell from time to time, he receiving therefor something like $50, and that her grandfather gave her a cow, which her husband traded for another, and which other he traded for some lumber, which afterward went toward the improvement of a house upon the lot. It is also claimed that plaintiff turned over two calves to her husband, amounting to something like $14.25. With reference to this property we are satisfied that it was taken and used by the husband without any agreement on his part to pay his wife therefor and without any thought on the part of either that the relation of debtor and creditor existed. The property was not worth, in any event,

3. SAME: consideration: burden of proof.

more than $100, yet the deed recites a consideration of $780. Where the wife allows the husband to take and use her property for the support or use of the family or otherwise without an agreement on his part to pay her therefor, the relation of debtor and creditor does not exist, and a conveyance made on account of the use of such property is voluntary and invalid as against other creditors *Romans v. Maddux,* 77 Iowa, 203. The conveyance was made during the pendency of the suit of defendant against J. F. Carr, was made at the suggestion of the husband, and not at the wife's instance, and, if for any consideration in fact, it was small, although a large one was expressed in the deed, and the grantor undoubtedly intended thereby to defraud his creditors. We are constrained to hold that the conveyance was wholly voluntary, and in such cases the burden is upon the grantee to show that the grantor had other property sufficient to pay his debts. The record does not establish this latter fact.

The conveyance misstated and exaggerated the consideration paid, and the circumstances surrounding the transaction are suspicious. It is the duty of the courts to scan such transactions closely, for the presumptions are against the *bona fides* of such arrangements. *Hamill v. Augustine,* 81 Iowa, 302, and cases cited.

4. SAME: transactions between husband and wife.

Upon the whole record, we are satisfied that the trial court was right in dismissing the petition.

The decree must be, and it is, *affirmed.*