MALCOLM SAVINGS BANK, Appellee, v. T. J. MEHLIN et al.,
Appellants.

**FRAUDULENT CONVEYANCES:** Husband and Wife—Sustaining
1   Constructively Fraudulent Deed. A deed from a husband to his
wife, *constructively* fraudulent as to an existing creditor because it
left the husband insolvent, will, nevertheless, be sustained as supe-
rior in right to that of the creditor, to the extent of the valuable
consideration admittedly paid by the wife for the land, *when the
creditor fails to establish some active fraud on the part of the wife.*
So held where there was no showing that the wife knew of her hus-
band's financial condition, or that she had any purpose to defraud
his creditors or knew of such purpose on his part. (See Book of
Anno., Vol. 1, Sec. 10449, Anno. 15 *et seq.*)

**FRAUDULENT CONVEYANCES:** Inadequacy of Price Paid—Pre-
2   sumption. Principle reaffirmed that a material disproportion be-
tween the price paid for, and the value of, property conveyed, ren-
ders the conveyance constructively fraudulent as to existing credi-
tors, with consequent burden on the grantee to overthrow the pre-
sumption by showing that the deed did not render the grantor-
debtor insolvent.

**FRAUDULENT CONVEYANCES:** Evidence — Consideration — Disre-
3   gard of Testimony. A creditor who is seeking to set aside as fraud-
ulent a conveyance by his debtor may not have testimony disre-
garded which he alone has introduced, and which tends to show
the consideration paid by the grantee for the deed.

**FRAUDULENT CONVEYANCES:** Evidence—Burden of Proof—Non-
4   homestead Character of Land. A creditor who is seeking to set
aside the deed of his debtor as fraudulent need not prove the non-
homestead character of the land even though he alleges such fact,
because the homestead character of the land is an affirmative de-
fense, pleadable and provable by the grantee. (See Book of Anno.,
Vol. 1, Sec. 11181, Anno. 3 *et seq.;* Sec. 10147, Anno. 117 *et seq.*)

Headnote 1: 27 C. J. p. 544. Headnote 2: 27 C. J. p. 791. **Headnote**
3: 27 C. J. p. 830. Headnote 4: 27 C. J. pp. 781, 804; 31 Cyc. p. 675.

*Appeal from Poweshiek District Court.*—CHARLES A. DEWEY,
Judge.

NOVEMBER 17, 1925.

SUIT to set aside a conveyance by T. J. Mehlin to his wife, Addie O. Mehlin, of an undivided one-third interest in 270 acres of land. Decree for plaintiff. Defendants appeal.—*Modified and affirmed.*

*M. W. Hyland* and *Clyde McFarlin,* for appellants.

*R. W. Boyd,* for appellee.

MORLING, J.—On January 16, 1922, defendant T. J. Mehlin quitclaimed to his wife, defendant Addie O. Mehlin, an undivided one-third interest in 270 acres for the expressed consideration of "$1.00 and other good and valuable considerations." At that time T. J. Mehlin was indebted to the plaintiff to the amount of $5,200. Plaintiff's claim is that the conveyance was without consideration, and made for the purpose of hindering and delaying plaintiff and putting the property beyond its reach. Defendants deny the allegations of fraud and absence of consideration. The only evidence taken was that offered in behalf of the plaintiff, and consisted of the testimony of the defendants and of the brother of defendant Addie, together with testimony to values of the land in controversy and other land in which T. J. Mehlin was interested. Defendant Addie, as a witness for plaintiff, testified that the consideration of the deed was $4,000, consisting, among other things, of $1,125 that she got from her father's estate 18 or 19 years before the trial, and which she let her husband have, and which she says he was supposed to let her have back. She says she had been at him a long time to get her something to show for her money. She also testifies that her husband's father gave her $15 or $20 every Christmas for 17 or 18 years, and she let her husband have it as she got it; that once in a while she would have other money, and would let her husband have it; that her husband's grandmother and her mother had each given her a cow, one about the time they were married, and the other three or four years afterward, which she sold for $175; that there was an agreement that the husband was to repay these sums when she needed them. She testified to having had written agreements, and that he agreed

*Margin note: 1. FRAUDULENT CONVEYANCES: husband and wife: sustaining constructively fraudulent deed.*

in writing to pay her 7 per cent interest, and that she kept a record of the amounts up to the time the deed was made, but had since lost them; that, a year or so before the deed was made out, the husband had told her he was going to give her a deed, as evidence of the debt. They figured up the indebtedness about the time the deed was given, and made it $4,000. The deed was then made and recorded. She could think of no other items from which they arrived at the consideration of $4,000. Her brother said that each of the children got a little more than $1,000 from their father's estate. T. J. Mehlin gave evidence to the items of his assets and indebtedness at the time the deed was made and at the time of the trial. He says that on the date of the deed he had assets sufficient to pay all his obligations. In detailing assets, he shows the possession of equities outside of the land in question, which at face would about equal the amount of his debts, $21,000 or $22,000; but, in arriving at this result, he figured in 80 acres of unimproved land at $16,000, with an incumbrance of $14,000; a $14,000 mortgage then pledged for $4,000 or $5,000, and later for $8,000, covering 320 acres of land with $35,000 prior incumbrance. At the time of the trial, he had assigned this mortgage also to the plaintiff, subject to the prior assignment. He says that at that time there was $11,300 due on the mortgage; that the prior assignment was for $8,000; that, since he gave the deed, all his assets are gone, with the exception of the 80 acres with $14,000 against it, and he still has debts unsecured.

The testimony shows the 270 acres worth $250 to $300 an acre.

Without further detailing the evidence, we think there can be no question that the conveyance of the interest in the 270 acres left the defendant T. J. Mehlin insolvent.

No evidence was introduced to show that the wife actually knew of her husband's financial condition, or that she had or knew of any purpose to defraud his creditors. There was no evidence contradicting her testimony respecting the consideration. The case was submitted upon the testimony of the witnesses offered by the plaintiff. The court found generally for the plaintiff, and specifically that the conveyance was void as against the plaintiff, and established the plaintiff's judgment

for $5,586.81 and costs, as a lien superior to all the rights of the defendant Addie, and ordered special execution. There were no special findings.

1.   The disproportion between the consideration and the value of the property is such as to make the conveyance constructively fraudulent, and to cast on the defendants the burden

**2. FRAUDULENT CONVEYANCES: inadequacy of price paid: presumption.** of rebutting the presumption by proving that the remaining property of the grantor was sufficient for the payment of his debts. *Campbell v. Campbell,* 129 Iowa 317; *Coldren Land Co. v. Royal,* 140 Iowa 381; *Nolan v. Glynn,* 180 Iowa 870.

2.   The plaintiff asks the court to disregard the testimony as to the consideration for the deed. The plaintiff itself offered this testimony and no other. The amount claimed, $4,000,

**3. FRAUDULENT CONVEYANCES: evidence: consideration: disregard of testimony.** would appear to be excessive; but the parties have not given us the benefit of any computations or undertaken to show that the amount is not approximately correct. We accept the figures as they are laid before us, that the defendant T. J. Mehlin, at the time of the execution of the deed, was owing his wife Addie $4,000. No further consideration is claimed.

3.   If we accept defendants' claims with respect to the consideration for the deed, still it would lack around $20,000 of equaling the value of the ·interest conveyed, and to that extent was voluntary, and void as against existing creditors, regardless of the knowledge or intention of the grantee. *Cox v. Collis,* 109 Iowa 270; *McClelland v. Snouffer,* 194 Iowa 1387, 1399; *Keeder v. Murphy,* 43 Iowa 413; *Nolan v. Glynn,* 180 Iowa 870. The deed, however, no active fraud appearing, should be allowed to stand as security for the $4,000 actually owed by the husband to the wife. *McClelland v. Snouffer,* 194 Iowa 1387, 1399, and cases cited; *Keeder v. Murphy,* 43 Iowa 413.

4.   The plaintiff alleged that the property conveyed was not homestead. The defendants denied this allegation, but did not affirmatively plead homestead exemption, and no evidence

**4. FRAUDULENT CONVEYANCES: evidence: burden of proof: nonhomestead character of land.** was offered on the subject. The defendants urge that the plaintiff did not prove the nonhomestead character of the property. The plaintiff's allegation was unnecessary. If the defendants intended to claim the existence of facts which

would exempt the land from liability to the plaintiff's judgment, it was for them to so plead and prove. *Helfenstein & Gore v. Cave,* 3 Iowa 287.

The decree should be modified so as to make the plaintiff's judgment a lien subject, instead of superior, to the lien of Addie O. Mehlin under her deed for the $4,000 and interest at 6 per cent from the date of the conveyance. The costs of the appeal will be taxed one half to the plaintiff and one half to the defendant.—*Modified and affirmed.*

FAVILLE, C. J., and EVANS and ALBERT, JJ., concur.