L. C. BAGLEY, Trustee, Appellee, v. D. W. BATES, Superintendent of Banking, Appellant.

No. 44108.

DECEMBER 14, 1937.

REHEARING DENIED APRIL 8, 1938.

638

J. B. Ryan, Leonard L. Ryan, and Graham & Graham, for appellant.

Charles S. White, N. S. Genung, and Bennett Cullison, for appellee.

MITCHELL, J.—L. C. Bagley, as trustee in bankruptcy of the Estate of Edward F. Bilharz, filed this action in two counts in the District Court of Audubon County against D. W. Bates, Superintendent of Banking and Receiver of the Farmers State Bank of Audubon, Iowa, seeking to set aside six deeds executed by the bankrupt.

The first count is based on Sections 60a and 60b of the Bankruptcy Act, as amended (11 U. S. C. A. §96 (a, b), and alleges in substance that within four months prior to the date of the filing of the petition in bankruptcy the bankrupt, by warranty deed, joined in by his wife, transferred certain real estate to L. A. Andrew, Superintendent of Banking and Manager of the Farmers State Bank of Audubon, Iowa, under Senate File No. 111 (Acts 45th G. A., ch. 156). It further alleges that the effect of the transfer was that the grantee obtained a greater percentage of his debt than other creditors of the same class, and that he knew or had reasonable cause to believe he was receiving a preference. Copies of the deeds are attached to the petition.

Count two alleges in substance that the grantor received nothing of value for the deeds and the same were not executed and delivered as security for any indebtedness owing by the grantor to the grantee, and the same were voluntary and fraudulent as to the unsecured creditors of the grantor; that the conveyances so made were for the purpose of defrauding the creditors of the grantor and the same had that effect. Plaintiff prays that the transfers be canceled and that the title to the land be declared to be in plaintiff, and for general equitable relief.

The trial court found that the grantor executed and delivered the conveyances and was at that time indebted to various parties, who had filed claims in the bankruptcy proceedings, which had been duly allowed, and as a result of the conveyances the grantor was insolvent and the grantee parted with nothing of value in consideration for the transfers; that they were not taken by the grantee to pay any indebtedness owing by the

grantor to the Superintendent of Banking or any person represented by him. The court then ordered that the conveyances be decreed to be void and without consideration and to operate in law as a fraud upon the creditors mentioned in the decree, and established a lien against the real estate in the sum of $20,110.00 in favor of the plaintiff, and the said real estate was decreed to be an asset of the bankrupt's estate, with the same force and effect as if the conveyances had not been executed.

The Superintendent of Banking as Receiver of the bank has appealed.

I. The Farmers State Bank of Audubon, Iowa, was, as the name implies, a corporate bank, organized under the laws of the State of Iowa, operating under the supervision of the Superintendent of Banking, L. A. Andrew. In July of 1933, Andrew was succeeded by D. W. Bates, who, ever since that time, has been Superintendent of Banking. The bank was known in the community as the "Bilharz Bank." Edward F. Bilharz, the grantor, was the vice president, and his sister, Harriet M. Bilharz, was the cashier and active managing officer of the bank.

Along in February of 1933 there was a conference of the members of the family with Mr. George Cosson, an attorney located at Des Moines. It developed that Harriet Bilharz as cashier had been receiving deposits and issuing certificates of deposit therefor, entering the deposits upon the savings account books of depositors, but that these deposits were not set up on the books of the bank. There is no claim made, and certainly no evidence in the record, that Harriet Bilharz ever received one penny of this money. The sum reached the huge amount of seventy odd thousand dollars. At the conference between Mr. Cosson and the Bilharzes it was decided that if the family would transfer certain real estate to the bank the Banking Department might not be inclined to prosecute Harriet Bilharz. It is not claimed there was any agreement not to prosecute, but, after the talks between Mr. Cosson and the then Superintendent of Banking, the transfers were made.

█▌█ A similar action as the one that now confronts us, involving the same bank and the same facts, was before this court in the case of Bagley v. Bates, 219 Iowa 1348, 261 N. W. 523, and, as the facts are there set out, we will not review them. In that case this court held, 219 Iowa 1348, at page 1353, 261 N. W. 523, 525:

"There is not one word of evidence in this record that would justify anyone in coming to the conclusion that Harriet M. Bilharz ever received one single penny of this amount of approximately $75,000. Nor did the bank lose by this transaction. All that really occurred was that the books of the bank did not show the proper condition of the bank. These certificates and savings accounts were liabilities of the bank. The money received from these people was in the bank. It was used in taking out of the assets of the bank notes which the banking department asked be withdrawn from the active assets of the bank."

And on page 1355 of 219 Iowa, on page 526 of 261 N. W., we find:

"And Mr. Foote, the man who secured the deeds and handled the transaction covering the transfer of this property from H. M. Bilharz to the bank, testified as follows:

" 'If the bank had been able to reopen, the additional real estate, such as was conveyed to the bank, could be used for the purpose of balancing the loss and gain account. The question of how much H. M. Bilharz owed the bank was not discussed with her at all, in so far as these conveyances and execution and delivery of them were concerned. The conveyances of these deeds had nothing whatever to do with the indebtedness actually owed by H. M. Bilharz, in so far as I know.'

"There is no evidence in the record that controverts the testimony above quoted. Harriet M. Bilharz was not indebted to the bank for these $75,000. She no doubt had violated the law of this state in regard to false reports by a bank official, but we are not confronted with that question. Before the appellant in this case can recover the relief prayed for, he was bound to show that the transfer resulted in the payment of indebtedness due and owing by Harriet M. Bilharz to the bank. This the trustee in bankruptcy has failed to do. The only obligation which Harriet M. Bilharz owed to the bank, to wit, the $7,500 note, no one claims was paid by the transfer of this property to the bank. That obligation remained, and, as far as the record shows, it still remains."

This shortage was caused by the conduct of Harriet Bilharz. Edward F. Bilharz had no part in it. Certainly, if Harriet Bilharz did not thereby become indebted to the bank, much less could it be said that her brother did.

The testimony in this record affirmatively shows that the transfers were made with the hope in mind that the bank would be able to weather the storm and that there would be no action taken because of the false entries that Harriet Bilharz had made. The shortage itself was merely a bookkeeping transaction; it did not change the assets or liabilities of the bank and could not in any manner be said to create an obligation on the part of any of the bank's officers. In other words, the transfers were made without any consideration.

In the case of Commercial Savings Bank v. Balderston, 219 Iowa 1250, at page 1255, 260 N. W. 728, 731, Justice Kintzinger, speaking for this court, said:

"It is the law in this state that a transfer of property made by an insolvent grantor with intention to defraud his creditors is valid provided the grantee acts in good faith and gives an adequate consideration therefor. First National Bank of Mason City v. Currier, 218 Iowa 1041, 256 N. W. 734; Tirrill v. Miller, 206 Iowa 426, 218 N. W. 303; Stephenson v. Cook, 64 Iowa 265, 20 N. W. 182; Carlisle v. Milliman, 199 Iowa 949, 203 N. W. 268; Bartlett v. Webber, 218 Iowa 632, 252 N. W. 892; Pike v. Coon, 217 Iowa 1068, 252 N. W. 888.

"It is likewise the settled rule of law in this state that where the evidence shows that a conveyance of property is voluntary and without consideration, or is given for a grossly inadequate consideration, it is constructively and presumptively fraudulent as to existing creditors, and in such event the burden is upon the grantee to show that the grantor was solvent or had sufficient property remaining to pay his debts at the time of executing the conveyance. Strong v. Lawrence, 58 Iowa 55, 12 N. W. 74; Tyler v. Budd, 96 Iowa 29, 64 N. W. 679; Seekel v. Winch, 108 Iowa 102, 78 N. W. 821; Woods v. Allen, 109 Iowa 484, 80 N. W. 540; Campbell v. Campbell, 129 Iowa 317, 105 N. W. 583; Long v. Investment Company, 135 Iowa 398, 112 N. W. 550; Carr v. Way, 141 Iowa 245, 119 N. W. 700; Kolb v. Mall, 187 Iowa 193, 174 N. W. 226; Dolan v. Newberry, 200 Iowa 511, 202 N. W. 545, 205 N. W. 205; Malcolm Savings Bank v. Mehlin, 200 Iowa 970, 205 N. W. 788; Buell v. Waite, 200 Iowa 1020, 205 N. W. 974; Erusha v. Wisnewski, 207 Iowa 1187, 224 N. W. 517; Hansen v. Richter, 208 Iowa 179, 225 N. W. 361; Scovel v. Pierce, 208 Iowa 776, 226 N. W. 133; see, also, Williams Savings

Bank v. Dennis Murphy and Andrew v. Murphy, 219 Iowa 839, 259 N. W. 467.''

This is not a case of lack of consideration. The undisputed, record in the case at bar shows there was absolutely no consideration. In view of the law laid down in the quoted case, we find that the transfers were constructively fraudulent and the burden rested upon the appellant to show that the grantor was solvent or had sufficient property to pay his debts. The appellant offered no evidence and called no witnesses in an attempt to explain the transaction. The transfer of the property by Edward F. Bilharz was a gift on his part, resulting in his insolvency, and the lower court was right in so holding.

■■■ II. Appellant contends that there is no competent evidence of the bankruptcy or any proceeding thereunder.

There was introduced in evidence what is known as Exhibit 1, which consists of the pages of the Bankruptcy Docket showing the record entitled ''Edward F. Bilharz Bankruptcy Matter,'' including the order of the referee duly adjudicating Bilharz a bankrupt; the order of the referee appointing L. C. Bagley of Audubon as trustee, and fixing the amount of his bond; the order of the referee, allowing claims in the amount of more than $20,000. This exhibit was certified to by the Hon. N. F. Reed, clerk of the District Court of the United States for the Southern District of Iowa. It is the contention of appellant that these records should have been certified to by the Hon. D. E. Stuart, the referee in bankruptcy before whom these proceedings were pending.

Section 11305 of the Code provides:

''A judicial record of this state or any court of the United States may be proved by the production of the original, or a copy thereof certified by the clerk or person having the legal custody ·thereof, authenticated by his seal of office, if he have one.''

The Bankruptcy Act, Ch. 541, Section 39 (11 U. S. C. A. §67), prescribing the duties of Referees in Bankruptcy, provides:

''Referees shall * * * safely keep,.perfect, and transmit to the clerks the records, herein required to be kept by them, when the cases are concluded; * * * transmit to the clerks such

papers as may be on file before them whenever the same are needed in any proceedings in courts, * * * or, if it be impracticable to transmit the original papers, transmit certified copies thereof.''

In view of the provisions of the Bankruptcy Act that certified copies may be transmitted to the clerk, and in view of the fact that the certificate of the Hon. N. F. Reed, clerk of the District Court of the United States for the Southern District of Iowa, states that the copies certified are records in his (the clerk's) office, this court will presume that in making the certificate the clerk will make it speak the truth, and the certificate is conclusive until evidence is offered to the contrary. No facts are shown in the record which contradict it. This court will not assume that a clerk of a federal court would attach to copies of official records a certificate in which he states that he has the records in his office and upon which he affixes the seal of the court, if such were not the fact.

Upon the record before us, the court was right in admitting the exhibit.

III. It is also the contention of the appellant that appellee has failed to show Edward F. Bilharz' chain of title to the property, and as a consequence cannot recover in this action.

This is not an action to recover by virtue of a superior title. The suit is to set aside a fraudulent conveyance. The material factor is whether the appellee's debtor, who is appellant's grantor, was the owner of the property, a fact which may be shown by oral testimony. The material inquiry is the fact of ownership and not the title. The question is, as between these parties, which of the two is entitled to the identical property from an identical source? Appellee claims as a creditor, and appellant claims as a grantee.

The deputy recorder of Audubon County was offered as a witness and produced in court the records in the county recorder's office covering the property described in the various deeds. From these official records he testified that title was in Edward F. Bilharz at the time the deeds were made and which are now sought to be set aside. The original deeds to the Superintendent of Banking were also introduced, and the signature of Edward F. Bilharz was duly identified by a competent witness. There is no evidence to the contrary.

644

Thus, in view of the testimony of the public official in whose possession the official records are kept, with the official records in evidence of the deeds executed by Bilharz, and no evidence that Bilharz was not the owner, appellee has shown ownership of the property in Bilharz.

Many other errors are complained of, all of which have been given careful consideration. It is a long record. The case has been ably presented by counsel. We believe the lower court was right, and judgment and decree must be, and it is hereby, affirmed.—Affirmed.

HAMILTON, C. J., and ANDERSON, KINTZINGER, DONEGAN, RICHARDS, SAGER, and STIGER, JJ., concur.