WINNEBAGO AUTO COMPANY, Appellee, v. O. E. BILSTAD et al., Appellants; FARMERS SAVINGS BANK OF JOICE, Defendant-Appellee.

No. 45695.

614

January 20, 1942.

Clifford A. Sheldon, for appellee, Winnebago Auto Company, a corporation.

Dennis G. Drugswall and Thompson & Weible, for appellants.

MITCHELL, J.—This is an action in the nature of a creditor's bill to set aside a conveyance of real estate and an assignment of an interest in an estate made by O. E. Bilstad and joined in by his wife to his two daughters, Valborg Bilstad and Virginia Bilstad. The petition alleges that the conveyance to the daughters was made with the intent to hinder, delay and defraud the plaintiff in the collection of its said claim and that the daughters took the conveyance and assignment with full knowledge of such intent.

The defense of O. E. Bilstad and his wife was a general denial. The two daughters filed answers in a form of a general denial with an admission that their interest in the real estate was subject to a mortgage in the amount of $600 to the Farmers Savings Bank of Joice, Iowa, and the affirmative allegation that they took the property under the deed and assignment subject to the right of the administrator to offset the debt of O. E. Bilstad to the estate of W. E. Bilstad. The separate defense of the administrator of the W. E. Bilstad estate was a general denial together with the affirmative allegation that any interest of O. E. Bilstad in the estate of W. E. Bilstad was subject to his right to retain out of and offset against the same the indebtedness of O. E. Bilstad to W. E. Bilstad arising from the payment by W. E. Bilstad of a certain note which was the obligation of O. E. Bilstad.

There was considerable evidence offered and the trial court found:

1. That the administrator of the W. E. Bilstad estate had the right to retain the sum of $770.59 with interest from November 19, 1940, out of the share of O. E. Bilstad in the personal property of the W. E. Bilstad estate.

2. That the defendant, Farmers Savings Bank of Joice, Iowa, had a first mortgage lien for $600 with interest from August 18, 1939, on the interest of O. E. Bilstad in the land, superior to all claims or liens of the plaintiff or defendants except the right of retainer of the administrator.

3. The conveyance of the real estate was set aside but Valborg Bilstad was given a lien against the real estate superior to the claim of the plaintiff, in the amount which the court found her father owed her, to wit, the sum of $405.

4. The plaintiff was declared to have a lien against the real estate for the amount of its judgment, interest and costs, junior and inferior to the mortgage lien of the bank and the lien of the defendant, Valborg Bilstad.

The defendants have appealed. As in cases of this kind, there is some dispute in the evidence. The record, however, shows that on March 1, 1929, O. E. Bilstad executed a promissory note to the Winnebago Auto Company in the amount of $282.46.

That this note was later reduced to judgment in the amount of $388.83 with costs. That an execution was issued on said judgment but was returned unsatisfied on February 1, 1941, by the sheriff of Winnebago County, Iowa, said county being the county in which O. E. Bilstad and his family reside.

O. E. Bilstad was a rural mail carrier. He had a large family, and as often happens was unfortunate in that there was considerable sickness in same and large bills were contracted for the care and treatment of members of the family.

On June 3, 1939, Wilhelm E. Bilstad, an unmarried brother of O. E. Bilstad, died. He was possessed of an undivided three-fourths interest in a 120-acre farm near Joice, Iowa. The value of such interest, although there is some dispute in the record, was about $6,750. He was also possessed of personalty of about $2,779.97. O. E. Bilstad as an heir at law took one-third interest in the estate of his said brother.

On July 7, 1939, one month and four days after the death of his brother, O. E. Bilstad, his wife joining in the conveyance, deeded to his daughters, Valborg Bilstad and Virginia Bilstad, his undivided interest in and to the real estate which he inherited from his brother and on the same day, he also assigned to the same two daughters his interest in and to the personalty of his said brother's estate. Both the deed and assignment recite consideration of $1.00 and other consideration. While the value of the interest in the land is somewhat in dispute, the lower court found, and we believe correctly, that at the time of the transfer, O. E. Bilstad's one-third interest was worth $2,250. The value of the personal property in the estate was $3,331.79 and the liabilities of the estate $1,830.40, leaving a balance of $1,501.39. The value of O. E. Bilstad's one-third interest was therefore $500.46. He owed $770.59. Therefore the interest his daughters secured under the assignment of the personal property was completely wiped out. Valborg Bilstad, one of the daughters, was a schoolteacher, receiving $65 per month for nine months. She had been working for two or three years prior to the time of the transfer.

■ It is first contended by the appellants there was no proof of insolvency of O. E. Bilstad and that there was no inadequacy of consideration as to amount to constructive fraud. In a very able and elaborate·brief, they call to our attention many of our cases. This court has discussed this question on a great many occasions. In the case of Commercial Savings Bank v. Balderston, 219 Iowa 1250, on page 1255, 260 N. W. 728, on page 731, this court says:

"It is the law in this state that a transfer of property made by an insolvent grantor with intention to defraud his creditors is valid provided the grantee acts in good faith and gives an adequate consideration therefor. First National Bank of Mason City v. Currier, 218 Iowa 1041, 256 N. W. 734; Tirrill v. Miller, 206 Iowa 426, 218 N. W. 303; Stephenson v. Cook, 64 Iowa 265, 20 N. W. 182; Carlisle v. Milliman, 199 Iowa 949, 203 N. W. 268; Bartlett v. Webber, 218 Iowa 632, 252 N. W. 892; Pike v. Coon, 217 Iowa 1068, 252 N. W. 888.

"It is likewise the settled rule of law in this state that where the evidence shows that a conveyance of property is voluntary and without consideration, or is given for a grossly inadequate consideration, it is constructively and presumptively fraudulent as to existing creditors, and in such event the burden is upon the grantee to show that the grantor was solvent or had sufficient property remaining to pay his debts at the time of executing the conveyance. Strong v. Lawrence, 58 Iowa 55, 12 N. W. 74; Tyler v. Budd, 96 Iowa 29, 64 N. W. 679; Seckel v. Winch, 108 Iowa 102, 78 N. W. 821; Woods v. Allen, 109 Iowa 484, 80 N. W. 540; Campbell v. Campbell, 129 Iowa 317, 105 N. W. 583; Long v. Investment Company, 135 Iowa 398, 112 N. W. 550; Carr v. Way, 141 Iowa 245, 119 N. W. 700; Kolb v. Mall, 187 Iowa 193, 174 N. W. 226; Dolan v. Newberry, 200 Iowa 511, 202 N. W. 545, 205 N. W. 205; Malcolm Savings Bank v. Mehlin, 200 Iowa 970, 205 N. W. 788; Buell v. Waite, 200 Iowa 1020, 205 N. W. 974; Erusha v. Wisnewski, 207 Iowa 1187, 224 N. W. 517; Hansen v. Richter, 208 Iowa 179, 225 N. W. 361; Scovel v. Pierce, 208 Iowa 776, 226 N. W. 133; see, also, Williams Savings Bank v. Dennis

Murphy and Andrew V. Murphy, 219 Iowa 839, 259 N. W. 467.

"In Campbell v. Campbell, supra, loc. cit. 319, this court announces the rule as follows:

" 'The question, of course, is as to the financial condition of the grantor at the time the conveyances were made; but, when it appears subsequently that he has no property remaining sufficient to meet the claim of a creditor existing at the time the voluntary conveyance was made, it will be presumed that such insolvent condition existed immediately after the voluntary conveyance, unless the contrary is shown.'

"In Long v. Investment Company, supra, loc. cit. 403, we said:

" 'And even where a partial consideration is paid, if the difference between the price paid and the actual value of the property is apparent, the conveyance will be regarded as voluntary to the extent of that difference. Lyon v. Haddock, 59 Iowa 682, 13 N. W. 737. In other words, in such cases the burden of proof is upon the grantee to establish facts which will repel the presumption of fraud and to show the deed to have been for a valuable consideration.' "

The record shows that O. E. Bilstad had no other property than his interest in his brother's estate at the time this transfer was made. That he had been for years hard pressed by his creditors. That there were judgments against him. That after the transfer of this property he had insufficient property remaining to pay his debts, including judgments that were against him. That an execution was issued on the appellee's judgment and returned no property found. The evidence of insolvency is undisputed and O. E. Bilstad made no attempt to show that he had other property out of which this debt could be paid. We can come to no other conclusion but that the lower court was right in finding that he was insolvent at the time the transfer was made.

Appellants argue that the trial court erred in finding and holding at the time of the conveyance O. E. Bilstad was not legally indebted to his daughter, Virginia Bilstad. With this we cannot agree. At the time of the conveyance

Virginia Bilstad was a minor and there is no evidence in this record that there was any emancipation or any relinquishment of the right of the father to the earnings of his minor child.

In the case of Crary Bros. v. Hoffman, 115 Iowa 332, 334, 88 N. W. 833, this court said:

"If there is a consideration for this transfer, it must be found in the earnings of these two boys during minority, paid over to their mother. If these minors were not emancipated, their earnings belonged to their father. Cain v. Devitt, 8 Iowa, 116. And the taking of such earnings by either him or the mother would not furnish a consideration for the conveyance made, for there would be no obligation to return to the minor the money so received. The burden of proving emancipation was upon defendants. Kubic v. Zemke, 105 Iowa, 269. It is true, emancipation may be established by circumstances showing a mutual understanding between parent and child. But we fail to find anything in this case tending, either directly or indirectly, to show that the father ever emancipated either of these boys, except as hereafter stated. Neither the father nor mother testifies directly on the question. Nor is it shown the father ever assented to the mother's promise to return the money received or its value."

Finally, it is argued that even if the claimed advancements made by Virginia are disregarded, the trial court still erred in holding the consideration so grossly inadequate as to amount to constructive fraud in setting aside the conveyance on that basis. The value of the real estate was $2,250 at the time of the transfer. The lower court found O. E. Bilstad was indebted to his daughter Valborg Bilstad in the sum of $405. In other words, the property transferred was worth better than five times the obligation he owed to his daughter. Clearly, this is inadequate consideration. The distinguished trial court who heard this case had the witnesses before him. In his decree he protects the bank that had the mortgage on this land in the amount of $600, which was given after the transfer, holding that it was a first lien against said land. He protects the daughter Valborg Bilstad by giving her a second lien for the amount of

money which her father owed her on the date of the transfer, making her lien junior and inferior only to the mortgage of the Farmers Savings Bank of Joice, Iowa, and making it prior and superior to the lien of the appellee herein. In other words, she will get all the money that she has coming before the appellee receives any of its money. It is a fair and equitable decree and this court will not interfere with same. It necessarily follows that this case must be, and it is, hereby affirmed.— Affirmed.

CHIEF JUSTICE and all JUSTICES concur.